CHARLES T. HOLMES, plaintiff in error, v. BOOHER, FEE & COMPANY, defendants in error.

(Atlanta, June Term, 1870.)

NEW TRIAL—EVIDENCE TO SUPPORT VERDICT—DISCRETION OF COURT—TEN PER CENT. DAMAGES.*—A motion was made for a new trial, on the ground that there was no evidence to support the verdict, and it appearing from the evidence contained in the record that there was sufficient evidence to support it, and no error in the charge of the Court to the jury:

*Held,* That this Court, in accordance with its repeated rulings, will not interfere with the discretion of the Court below in refusing to grant a new trial, and that ten per cent. damages be awarded, as provided by the 4221st section of the Code.

*Damages. New Trial. Before Judge Johnson. Muscogee Superior Court. February Term, 1870.

Booher, Fee & Company, sued Chester G. Holmes and Charles T. Holmes, partners, under the name of C. G. Holmes & Son,

---

*WRIT OF ERROR—FOR DELAY—DAMAGES.—"Under our view of the law and facts of this case we see no merit in the defense offered to the proceeding of this fi. fa. by the defendant in the court below, and we are constrained to conclude that this writ of error was brought here for delay only and we feel it to be our duty to award damages against the plaintiff error as provided for in § 4286 of the Code." Crusselle v. Reinhardt, 68 Ga. 623, citing Holmes v. Booher, 41 Ga. 125; Couper v. Rowe, 42 Ga. 232; Porter v. Kolb, 46 Ga. 268.

as owners of the steamer Chipola, on an open account for $233 09, for goods furnished to said steamer. Charles T. Holmes pleaded the general issue, and that said firm never owned any interest in said steamer.

Plaintiff's counsel introduced a witness, who testified to the correctness of the account, that plaintiffs furnished the goods to him as captain of said steamer before she was launched, and that he was authorized by one Greenwood, one of the owners of said steamer, to purchase said supplies. Witness was then asked whether Charles T. Holmes was not an owner of said steamer at the time of said purchase? It was admitted that the steamer was required to register, and was registered at Apalachicola, and upon that defendants' counsel objected to the witness being allowed to answer said question. The Court overruled the objection. Witness then testified that; at that time, he thought C. G. Holmes was the owner, that he paid witness $500 00 subscription, and when witness went to Apalachicola he had C. G. Holmes registered as an owner, but about two or three months afterwards, in a conversation with the son, C. T. Holmes, he told witness that C. G. Holmes' subscription was for him; this account was made two or three months before said last conversation.

The Court charged the jury that if plaintiffs furnished said goods on the order of one of the owners of the steamer, all the owners are liable; "you will determine from the evidence whether C. T. Holmes was an owner; if C. G. Holmes subscribed for the stock and gave it to C. T. Holmes, that made C. T. Holmes an owner from the date of his acceptance of the gift; but if C. G. Holmes merely acted as agent for C. T. Holmes, in subscribing for the stock, then it is the same as if C. T. had subscribed for himself, provided he afterwards ratified the subscription." The jury found for plaintiffs for the amount of the account and costs against C. T. Holmes. He moved *for a new trial, upon the ground that the Court erred in permitting the witness to testify as to who owned said steamer, and because the verdict was not supported by the evidence. The first ground was abandoned here. At the hearing, the Court "asked movant's counsel to elect to rely on the motion for a new trial, or release errors of law on the trial, but counsel refused to elect."

The motion for new trial was heard and overruled. The refusal of a new trial, on each of the grounds stated in the motion, and said requirement as to election, are assigned as error.

R. J. Moses, for plaintiff in error.
Peabody & Brannon, for defendants.

WARNER, J.

The error assigned to the judgment of the Court below, is

41 G R—7

the overruling the motion for a new trial, on the grounds specified therein. The ground as to the admissibility of the evidence as to the ownership of the boat, was abandoned on the argument by the counsel for plaintiff in error. In our judgment, there is sufficient evidence in the record to sustain the verdict of the jury. According to the repeated rulings of this Court, the discretion of the Court below in refusing to grant a new trial, will not be controlled here, when there is no error in law complained of, on the ground that the verdict is not supported by the evidence, unless the verdict is so decidedly and strongly against the weight of the evidence as to make it illegal.

Let the judgment of the Court below be affirmed, and ten per cent. damages be awarded, as provided by the 4221st section of the Code.

*J. RUTHERFORD, plaintiff in error, *v.* C. A. WRIGHT, defendant in error.

(Atlanta, June Term, 1870.)

HOMESTEAD — JURISDICTION—APPLICATION* — COUNTY OF RESIDENCE.—A motion was made in the Court below in behalf of a judgment creditor of Catharine A. Wright, to enter judgment against a garnishee for the plaintiff's debt, which was resisted on the ground, that the fund in the hands of the garnishee had been set apart as a homestead exemption by the Ordinary of Bibb county, on the application of the defendant in the judgment; and on the hearing of the motion, the plaintiff proposed to attack the judgment of the Ordinary, by offering evidence, that at the time of the application to the Ordinary of Bibb county, for the homestead exemption, and at the time of its approval by the Ordinary, neither the applicant therefor, nor her husband, resided in the county of Bibb, and had not resided in that county for several years, which evidence was rejected by the Court. It also appears from the record, that the plaintiff in the judgment did not have any actual notice of the application for homestead, and was not represented before the Ordinary, but that notice of the application was twice inserted in the daily Telegraph and Messenger newspaper:

*Held,* that, according to the provisions of the Homestead Act of 1868, the applicant therefor, must apply to the Ordinary of the county in which he or she resides at the time of making such application, in order to give the Ordinary jurisdiction; and that if the applicant for a homestead was not a resident of Bibb county at the time of the application therefor, and approval thereof by the Ordinary, then the Ordinary of that county did not have jurisdiction to hear and allow said application, and the plaintiff in the judgment should

---

*HOMESTEAD—APPLICATION—STATEMENT OF GROUNDS —EVIDENCE.—An application for a homestead under the Constitution of 1877 must state the grounds therefor. An application simply claiming homestead without stating whether as head of a family or in what capacity, is not sufficient; and the record of a homestead so granted will be rejected from evidence. Such a failure in the application cannot be cured on the trial of a claim case based thereon, by parol testimony. Clark *v.* Bell, 67 Ga. 728, citing Lynch *v.* Pace, 40 Ga. 173; Rutherford *v.* Wright, 41 Ga. 128; Cowart *v.* Page, 59 Ga. 235; Torrance *v.* Boyd, 63 Ga. 27.

See foot-note to Lynch *v.* Pace, 40 Ga. 173.