CRUSSELLE *vs.* REINHARDT, administrator.

1. Where two parties purchased certain land, paying one-third of the price, and taking bond for titles, and one as agent for the other sold to a purchaser who bought *bona fide* and on the assurance of the vendors that the title was good, and without notice that any part of the purchase money was unpaid, if subsequently the original vendor sued for the balance of the purchase money, obtained judgment and levied on the land, and the last purchaser thereupon paid the amount of the *fi. fa.*, took a transfer of it and also a deed from the plaintiff, he could nevertheless proceed to enforce the *fi. fa.* against his vendors.

2. The verdict is supported by the evidence.

3. Where a defendant in *fi. fa.* has sought an injunction against it, alleging that he was jointly interested with his co-defendant in the consideration of the debt, after the dismissal of the bill he will be estopped by his solemn admission *in judico* from setting up by affidavit of illegality that he was a mere security and had been discharged.

4. The case appears to have been brought to this court for delay only, and damages are awarded against the plaintiff in error.

Contracts. Title. Executions. Estoppel. Before Judge STEWART. Fulton Superior Court. October Term, 1881.

Reported in the decision.

R. ARNOLD, for plaintiff in error.

S. WEIL, for defendant.

SPEER, Justice.

The record discloses the following facts:

In the spring of 1866 Crusselle, the plaintiff in error, and one Gullett, purchased from Evans, administrator, at public sale a city lot in Atlanta for the sum of $500.00, one-third to be paid in cash, and the balance in twelve months. That the cash payment was made, and Gullett

and Crusselle gave their joint note for the balance ($333.33) due at twelve months ; Gullett first signing said note and Crusselle signing as security; Evans at the time giving bond for titles conditioned to make titles to Gullett and Crusselle on the payment of their note. That soon after this purchase, Crusselle, representing himself as agent for Gullett, negotiated a trade of a portion of said lot (Gullett having previously sold a portion to a colored man for $200.00) to Keith. That Keith, wishing to be certain about the title before he purchased, sent one McKenny, as his agent, with Crusselle to the home of Gullett, at Griffin, to investigate the title of Gullett to the lot. That on an interview had there, Gullett and Crusselle both assured McKenny that the title was al right, and on the faith of these representations Keith purchased the lot of Crusselle, as agent of Gullett, and paid him for it, in property and money, the agreed price of $500.00. That at the time of said sale to Keith, Gullett and Crusselle only held Evans' bond for title, with one-third of the purchase money paid. Keith, in ignorance of the title being defective, went into possession and improved the lot. When the note for the purchase money owing by Gullett and Crusselle became due to Evans, he brought suit and obtained a judgment, and levied on the house and lot to realize his money due. Keith, to protect his title against the judgment, advanced the amount due on the judgment to Evans and took a transfer of the same. Evans also executing him a deed to the property he (Keith) had previously purchased of Gullett. The record further discloses that in 1872 Crusselle, the plaintiff in error, filed his bill for injunction and relief against Reinhardt, the administrator of Keith, in which he alleged "that in February, 1866, Gullett himself purchased at administrator's sale a city lot (this lot) in Atlanta from one Evans, as administrator, for the sum of five hundred dollars, paying one third of the purchase money in cash and giving their joint promissory note for the re-

maining two-thirds due at twelve months after date, taking Evans' bond to make titles on payment of balance due to him, and which bond was exhibited to the bill. The bill alleged that Gullett, in 1866, sold said lot to C. F. Keith without the knowledge and consent of complainant. 'That as soon as he was informed of said sale, and before Keith had paid for the said lot, he notified Keith that he, the complainant, owned and claimed a half interest in said lot, sold to him by Gullett, and that he was not a partner in said property with Gullett, but his interest was one-half therein. That he had received no part of the consideration paid Gullett by Keith. He further alleged that Evans had obtained judgment on the note given by Gullett and himself for the balance of purchase money given to him, that he had levied on the lot and Keith had paid off the *fi. fa.* the day before the sale, and Evans had made Keith a deed. He therefore prayed an injunction against the enforcement of the *fi. fa.*, and for general relief, etc. It further appears that this bill, after being sworn to and filed, was subsequently dismissed. It further appears, afterwards when the defendant in error, Reinhardt, administrator, had the property of Crusselle, in 1875, levied on by virtue of the *fi. fa.* which his intestate held as the transferee of Evans, administrator, against Gullett and Crusselle for the balance of the purchase money, he (Crusselle) filed his affidavit of illegality to said *fi. fa's.* proceeding, on the ground that he was security only on said *fi. fa.* for Gullett, and that said Evans, administrator, had released deponent from all liability on the note, the foundation of said judgment and *fi. fa.* "That said Evans, to whom said *fi. fa.* had originally belonged, and the consideration of which was the lot sold to Gullett, had since sold the same to Keith, and had since received the balance of the purchase money due, thereby releasing deponent from said *fi. fa.*"

There is also an averment of payment of said *fi. fa.* made by Gullett to Evans since the judgment was obtained.

Under the evidence and charge of the court the jury on the issues presented in said illegality found a verdict for the plaintiff in *fi. fa.* A motion for a new trial was made and overruled and defendant excepted.

1. We think the law was correctly presented by the court to the jury under the facts of this case when he charged them, "but if you find from the evidence that Keith bought this lot from Crusselle, as agent for Gullett, and Keith at the time believed that the title was perfect and did not know that any part of the purchase money was unpaid—then Keith, notwithstanding Evans made him a deed directly to the land, would also have the right to take a transfer of this execution, and his representative would have the right to collect this execution out of Crusselle, and in that event you would find that the execution do proceed."

2. There being abundant evidence to support the verdict under this charge, we find no error either in the verdict or in the judgment refusing to set it aside, for any of the grounds stated in the record.

3. Moreover, as to one of the grounds in the affidavit of illegality in which defendant in *fi. fa.* sets up that he was only security on the *fi. fa.* for Gullett, and had been discharged by the act of Evans; it appears from the bill he filed touching this *fi. fa.* that he alleged he was a joint purchaser with Gullett of this lot from Evans, and thus was jointly interested in the consideration of said note on which this judgment was rendered; and this solemn admission *in judico* made by this plaintiff in error, we think estops him from now setting up the fact that he was a mere security on this note, or from pleading any release or discharge from the same on that account. Code, §3753.

4. Counsel for defendant in error has insisted before us that this writ of error was brought here for delay only, and that damages should be assessed against the plaintiff in error.

There were but two grounds of error insisted upon be-

fore this court—one that the verdict was contrary to the charge of the court on the subject of Crusselle being the security of Gullett, and his being discharged by reason of his risk being increased by the act of Evans. The other was that the verdict was against the charge of the court as heretofore referred to. As to the first charge, we do not think, as we have said, that the plaintiff in error, from the evidence, was entitled to make the question of his securityship under the averment he made in the bill he filed. As to the second ground, we think the verdict was not only in accordance with the charge but the evidence demanded it. Under our view of the law and facts of this case, we see no merit in the defence offered to the proceeding of this *fi. fa.* by the defendant in the court below, and we are constrained to conclude that this writ of error was brought here for delay only, and we feel it to be our duty to award damages against the plaintiff in error, as provided for in section 4286 of the Code. 41 *Ga.,* 125 ; 42 *Ib.,* 232 ; 46 *Ib.,* 268.

Judgment affirmed with damages.