RATTEREE, administrator, *vs.* CONLEY.

Where a defendant in an ejectment suit, brought by an administrator, held under certain grantees, who had a deed from the son of the plaintiff's intestate, on which was indorsed a confirmation by the intestate, it was not admissible to show that, when the decedent signed the ratification, it was done in consideration that the grantees, who were attorneys at law, would secure the acquittal of decedent's son, who was under indictment for murder; that he was found guilty; that in the office of one of the grantees, the father-in-law of the decedent induced her to sign the paper, telling her that it was no deed; that signing it amounted to nothing; and that if her son was cleared, she could let it stand; and if not, it was void; it not appearing that the grantee heard what passed or that the present defendant had any knowledge that any fraud was committed on the decedent, if such was the fact.

(*a.*) The fact that a son of the decedent stated to the present defendant's agent that the grantees from his mother had no title to the land, without stating the facts which made their title void, is not notice of those facts, if they existed.

January 21, 1885.

Evidence. Title. Notice. Fraud. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Alexander Ratteree, as administrator of Julia Ann Ratteree, deceased, obtained an order allowing him to sell

certain real estate, at the April term, 1882, of the court of ordinary of Fulton county, and proceeded to advertise thereunder. A claim was interposed to certain property so advertised by Morris J. Conley. The claimant insisted that, on the 17th of January, 1879, A. J. Ratteree, a son of the decedent, made to Johnson, McCamy & Glenn a deed to the land in dispute for professional services rendered by them; that they having learned that his mother, the decedent, owned or claimed the property, the following endorsement was entered on the back of the deed:

· "I hereby ratify the making of the within deed for the purposes therein contained, the same as if I myself had signed it. This April 14, 1879.

  (Signed)                              JULIA A. RATTEREE."

"Test: A. RATTEREE."

That Johnson, McCamy & Glenn sold the property on July 4, 1881, to the claimant and gave him a bond for title thereto, half the purchase money being paid cash and notes taken for the balance due at twelve months from date; that claimant paid the purchase money in full; that he had no notice of any defect in his title, and that, on July 6, 1882, he took a deed from his vendors; also that Alexander Ratteree, the father-in-law and administrator of decedent, held possession for some time as agent for Johnson, McCamy & Glenn, and subsequently claimed to have turned over the property from himself, as agent, to himself as administrator.

The administrator claimed that the title was in the decedent; that she was in possession up to the time of her death, and her administrator had since been in possession; that the claimant negotiated for the property through his brother, as agent, the claimant being a minor at the time of the purchase; that notice was given to this agent that the title was not good. It was also sought to attack the conveyance to Johnson, McCamy & Glenn.

On the subject of notice, James Ratteree, a witness for the administrator, testified as follows: " He (John

L. Conley, the brother of claimant) told me that he was going to buy it (the land), and I remarked to him that those men (Johnson, McCamy & Glenn) did not have any deed and he'd better not do it; and he said the deeds were as good as he wanted."

The jury found the property not subject to sale. The administrator moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court rejected the evidence of Alexander Ratteree substantially as follows, and of James Ratteree to the same purport:

"Alexander Ratteree and his daughter, Julia A. Ratteree, went to Dalton in April, 1879, to attend the trial of Alex. J. Ratteree, son of Julia A. Ratteree. Just before the trial, witness, Julia A. Ratteree, James Ratteree and J. A. W. Johnson, a member of the firm of Johnson, McCamy & Glenn, attorneys, went into the office of said Johnson. Johnson said that A. J. Ratteree had made a deed to them to the land as a fee for defending him, but they had learned that the title was in Julia A., and wanted her to make them a deed to it. She refused to do so, saying that she had promised General Gartrell $500.00 to defend him, and could not pay any more. Johnson then said that they had promised to clear Alex. and to give them one year to redeem the land. She again refused to make the deed, doing so three times. Witness then told Johnson to write on the back of the deed from Alex. J. Ratteree, 'I hereby ratify the making of the within deed, as though my own act, for the purposes therein named.' He did so, and witness said to his daughter, Julia Ann, 'Sign that, and if they clear Alex., say nothing about it, but if they don't clear him, it don't amount to anything'. She then signed the writing."

The motion was overruled, and the administrator excepted.

MILLEDGE & SMITH, for plaintiff in error.

T. P. WESTMORELAND, for defendant.

BLANDFORD, Justice.

The plaintiff in error, as the administrator of Julia Ratteree, deceased, offered a certain tract of land for sale as the property of deceased. This land was claimed by Conley. On the trial of the case, it was shown that the land originally belonged to Julia Ratteree, and that one Alexander Ratteree, the son of deceased, conveyed this land by deed to Johnson, McCamy & Glenn, and that Mrs. Julia Ratteree endorsed on this deed her ratification of the same. It was also shown that Johnson, McCamy & Glenn sold the land to Conley, the defendant in error, and made to him their bond for titles, and that he paid the entire purchase money to them. The plaintiff in error proposed to prove that, when Mrs. Julia Ratteree signed the ratification of the deed from Alex. Ratteree to Johnson, McCamy & Glenn, this was done in consideration that they, as attorneys at law, would clear Alexander Ratteree, who was under indictment for murder; that he was found guilty; that in Johnson's office, when he was in there, the witness induced Mrs. Ratteree to sign the paper and endorsement aforesaid by telling her that, thus signing the same, it was no deed, and amounted to nothing; that if Alex. Ratteree was cleared, she could let it stand; if not, it was void. It did not appear that Johnson heard this or knew of it, except he was in his office at the time. The court ruled out this evidence, and the administrator excepted, and this is the only assignments of error insisted on here. It was further shown that the claimant who purchased from Johnson, McCamy & Glenn had no knowledge of any fraud (if any was committed) on the part of his vendors, except that a son of the deceased had notified the claimant's brother, who was his agent, that Johnson,

McCamy & Glenn had no title, but gave no notice to him of any fraud or fraudulent acts committed or perpetrated by his vendors on Mrs. Julia Ratteree which might render her deed of confirmation, endorsed on the deed of Alex. Ratteree to Johnson, McCamy & Glenn, void.

We are of the opinion that the decision of the court in rejecting and ruling out the testimony offered is right. If there was any wrong done to Mrs. Ratteree, it was done by her father-in-law, and not by the claimant's vendors. It does not appear that they ever knew or heard what passed between the witness and Mrs. Ratteree, and the circumstances induce the belief that they did not, but even if they had heard and knew what transpired between the witness, Ratteree, and Mrs. Ratteree, there is nothing in the record to show or charge the claimant with notice of the same, before or after his purchase from Johnson, McCamy & Glenn of the land in dispute. The fact that a son of the deceased, Mrs. Ratteree, had stated to claimant's agent that Johnson, McCamy & Glenn had no title to the land, without stating the facts which made their title void, is not notice of those facts, if they existed.

Judgment affirmed.