## ELLIS v. ELLIS.

1. Where a security deed contains a clause accelerating the payment of the principal before its maturity, by the failure of the vendor to pay any installment of interest, and where it contains a power of sale authorizing the holder, in default of payment of any installment of interest, to declare the principal due and to advertise and sell the premises therein embraced to enforce payment of the principal and interest of the debt, a sale to a bona fide purchaser under such power, after due advertisement thereof, in which it is stated that the holder is proceeding to sell because of default by the vendor in the payment of a past-due installment of interest, is equivalent to a sale under a decree in equity, and passes the title to the premises in such deed to such purchaser, although there was no default in the payment of any installment of interest, the purchaser having no notice of this fact.

(a) Where the vendor in the power of sale in such deed stipulated that the sale should be advertised in a given manner, and did not require personal or other notice to be given him of the sale, due advertisement of the sale under such power was notice to the vendor of the sale of his property and the purpose for which it would be made; and where he took no steps to stop the sale, and did not warn persons attending the same that he had paid this interest, and that for this reason the power of sale could not be exercised, such negligence on his part will protect a bona fide purchaser who bought without notice of the fact that such interest had been paid and that the power of sale was being improperly exercised.

2. A claim made or position taken in a former action or judicial proceeding generally estops a party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party.

(a) Where, after the rendition of judgments for temporary and permanent alimony, the husband applied to have the alimony reduced, and at the same time the wife filed her proceeding to have him attached for contempt in not paying the alimony given to her in such judgments, and where the application of the husband for the reduction of alimony was based upon the fact that at the times of the original hearings he owned certain real estate, but the same had been sold under a power of sale contained in a security deed executed by him, and bought in by the wife, whereby he was unable to pay the alimony judgments, and where in consequence of these facts the wife entered into a contract with him by which she accepted a much smaller sum than was due on her judgments for alimony, he is thereby estopped from bringing an action to set aside the sale of his land under the power of sale, and to cancel his wife's title thereto, on the ground that the sale was void because he was not in default in the payment of any installment of interest.

3. It was a fraud on the part of the vendor against the purchaser to treat this sale and her title to this land as valid for the purpose of securing

Estoppel 21 C. J. p. 1231, n. 87.
Mortgages 27 Cyc. p. 1505, n. 65.

from her a settlement of her alimony judgments at much less than was due thereon, when it was his secret, undisclosed purpose, as soon as he secured such settlement, to take legal proceedings to have the sale and her title declared void; and it would be inequitable and unjust to permit him to carry out this purpose without first restoring her to her original position by cancelling the contract settling said judgments, and decreeing the liens of her judgments to be valid and subsisting ones.

No. 4999. NOVEMBER 20, 1925.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. June 24, 1925.

*Sidney W. Hatcher*, for plaintiff in error.

*Earl W. Butler*, contra.

HINES, J. 1. The security deed contains a clause accelerating the payment of the principal before its maturity, by failure of the vendor to pay any installment of interest. This instrument likewise contains a power of sale, authorizing the holder, in default of payment of any installment of interest, to declare the principal debt due, and to advertise and sell the land embraced therein to enforce payment of the principal and interest of the debt. An installment of interest, by the terms of this deed, became due on July 27, 1923. On April 3, 1923, the debtor paid this installment of interest to the company which negotiated the loan. This company was the authorized agent of the lender to collect the interest as it became due. The agent did not, it seems, acquaint the principal with the fact of the premature payment of this install-ment of interest, and did not account to her therefor. The principal did not have knowledge otherwise of its payment. After the date of the maturity of this interest installment, the agent turned the papers over to its attorney for collection. The property was duly advertised for sale under the power of sale, and was sold. It was bought in by the divorced wife of the vendor. He filed his petition to set aside the sale, because it was void, as he had paid this interest before it was due. There was evidence authorizing a finding that the vendor had personal notice of the advertisement of the sale of the property prior to the sale. There was likewise evidence authorizing the jury to find that the purchaser did not have notice or knowledge of the fact that the installment of interest, for the alleged default in the payment of which the lender advertised and sold this property, had been paid, although there was evidence authorizing a contrary finding.

Assuming that the purchaser was a bona fide purchaser for value, without notice or reasonable grounds to suspect that this installment of interest had not been paid, and believed that she was getting a good title, was the sale void as to her by reason of the fact that this interest had in fact been paid before it fell due and prior to the advertisement and sale of this property? Although a mortgage has been paid in full, if not discharged of record, a sale regularly made under a power of sale to a bona fide purchaser is held equivalent to a sale under a decree in equity, and is therefore an entire bar both against the mortgagor and all persons claiming under him. If the mortgage has been paid, a purchaser with notice acquires no title; but the mortgage appearing of record to be valid, a purchaser without notice does acquire title. *Mutual Loan &c. Co.* v. *Haas,* 100 *Ga.* 111 (27 S. E. 980, 62 Am. St. R. 317) ; 3 Jones on Mortgages (7th ed.), § 1898; Ledyard *v.* Chapin, 6 Ind. 320; Merchant *v.* Woods, 27 Minn. 396 (7 N. W. 826) ; Bausman *v.* Eads, 46 Minn. 148 (48 N. W. 769, 24 Am. St. R. 201) ; *Garrett* v. *Crawford,* 128 *Ga.* 519 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167). A mortgagor in this State, when he pays off his mortgage, can have the same canceled of record. Civil Code (1910), § 3270. Upon the payment of the secured debt the vendor in a security deed can have its cancellation entered of record in the same manner as cancellations of mortgages are entered. § 3309. In *Garrett* v. *Crawford,* supra, and in some of the cases cited above from other States, the courts in announcing the above principle lay stress upon the failure of the mortgagor to have his paid mortgage canceled of record. This failure to exercise this right of cancellation may be taken as the mudsill upon which the above principle rests. It may be urged that this ruling does not apply where the holder of the security deed sells in pursuance of the power of sale, and under a stipulation in the deed which accelerates the payment of the principal for failure to pay an installment of interest, as there is no provision in our law for noting of record payments of installments of interest. But where the vendor in the power of sale stipulates that the sale shall be advertised in a given manner, and for a certain number of times in a newspaper, and does not require personal or other notice to be given to him of the sale, due advertisement of the sale under such power is notice to him of the sale of his property and the

purpose for which it will be made. Besides, as we have stated, there was evidence authorizing the jury to find that the vendor had personal notice of this advertisement. While he denied such notice, his sister, who was sworn as a witness in his behalf, testified that she cut out the advertisement and sent it to him. From this the jury might infer that he had received personal notice of the advertising of his property for sale, because of his default in paying this installment of interest. But whether he had personal notice or not, he had the notice for which he stipulated in the power of sale. With such notice he took no steps to stop the sale, and did not warn persons attending the sale that he had paid this interest, and that for this reason his creditor could not exercise the power of sale on the ground that he had defaulted in the payment of this interest. This was negligence on his part, just as it would have been negligence if he had paid off the mortgage debt in full and had failed to have his mortgage canceled of record. Negligence of either character will protect a bona fide purchaser. As we have stated above, the purchaser would not be a bona fide purchaser if she had notice of the payment of this interest; but this under the evidence was an issuable fact. In consequence, the court below erred in directing a verdict in favor of the plaintiff. The jury should have been permitted to pass upon the question of notice vel non of this fact to the purchaser when she bought.

2. On January 4, 1923, Ida Ellis, the plaintiff in error, filed her suit for divorce and alimony against her husband, Foster Ellis, who is the defendant in error. On January 13, 1923, she obtained a judgment for temporary alimony and her attorney's fee. On January 27, 1923, the husband borrowed from Miss McCrary the sum of $300, and to secure the same executed the security deed dealt with in the first division of this opinion. On February 26, 1923, this suit for divorce and alimony came on for final trial, and the wife was granted a total divorce and alimony. On April 1, 1923, the husband left the State without paying these judgments awarding his wife temporary and permanent alimony. In January, 1924, he returned to the State. On April 15, 1924, he made application to reduce the judgments for alimony, alleging that at the times of the original hearings he owned certain real estate and personal property, but since the rendition of the judgments he had been ill with rheumatism, was physically unable to work, and

was a pauper dependent upon his sister and brother-in-law. About the same time the wife filed proceedings to attach the husband for contempt in failing to pay her alimony. On the hearing of these proceedings he swore that he was physically disabled, that before the suit for divorce and alimony was filed he owned the land involved in this litigation, that since that time said land had been advertised and sold, that it had been bought in by and was in the possession of his wife, and that he then owned no land or property of any kind and had no money.

At this stage of the proceeding the judge suggested to the parties that they settle their controversy over the alimony, and suggested the payment and acceptance of $150 in full of the wife's judgments for alimony. Thereupon counsel for the husband offered to the wife in open court $150 in full settlement of all demands for alimony, stating that his client owned no property of any kind, and that if she did not accept that sum she would not get anything. The wife and her attorney took the offer under advisement. After considering the matter the wife stated to her attorney that, if she could not get anything more, she would accept the sum offered in full of her judgments for alimony, which at the time amounted to $433.30. Thereupon the parties entered into a contract in writing, whereby the wife accepted said sum in full settlement of the judgments which she held against her husband for alimony and which were valid liens upon all his property. In the negotiations leading up to this settlement the husband did not disclose to the wife that he thought the sale to her was void because of the fact that this interest had been paid, or that it was his purpose to bring proceedings to set aside this sale and to cancel her deed. There is evidence authorizing a finding that his secret purpose was to get the alimony judgments settled, and then proceed to have this sale set aside and her deed canceled. In view of these facts the wife insists that her husband is estopped from pressing the present proceedings to have her deed to this land canceled, and to recover the same from her. She insists that the present proceeding is inconsistent with his position taken in the application for the reduction of alimony, and that on the hearing of her proceeding for attachment for contempt for failure to pay the same, at which time he insisted that he owned no real estate and recognized her title to this land, by reason of which contention he in-

duced her to settle her judgments for alimony for a sum far below the amounts due thereon. Is this position tenable?

A claim made or position taken in a former action or judicial proceeding will generally estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party. *Crusselle* v. *Reinhardt,* 68 *Ga.* 619; Davis *v.* Wakelee, 156 U. S. 689 (15 Sup. Ct. 555, 39 L. ed. 578); *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95); *Ray* v. *Home &c. Co.,* 106 *Ga.* 492 (6) (32 S. E. 603); *Vaughn* v. *Strickland,* 108 *Ga.* 661 (34 S. E. 192); *Neal Loan &c. Co.* v. *Chastain,* 121 *Ga.* 500 (49 S. E. 618); *Harris* v. *Harris,* 154 *Ga.* 271 (114 S. E. 333). Having set up the sale of this land under the power of sale, and the purchase and possession thereof by his divorced wife, to enable him to procure a reduction of alimony and to escape attachment for contempt in failing to pay her alimony, and having in consequence procured a settlement of her alimony judgments for a sum much less than the amounts due thereon, he is now estopped from bringing an action to set aside a sale of this land under the power of sale in the security deed, and to cancel her title thereto on the ground that the sale was void. He can not blow both hot and cold.

3. In the circumstances the divorced wife contends that, if it should be adjudged that this sale was void, and that she got no title to this land, she would be entitled to have set aside and canceled the contract by which she settled her alimony judgments for much less than the amounts due thereon, and to have these judgments declared liens upon the property of her divorced husband. In other words, she seeks, in such event, a rescission of this contract for fraud. A contract may be rescinded for fraud. Civil Code (1910), § 4305. As the ex-wife received under this contract a much less amount of alimony than she was entitled to under her judgments, it was not necessary to restore or offer to restore the amount of alimony which she received under the contract. *Farnell* v. *Brady,* 159 *Ga.* 209 (125 S. E. 57). It was a fraud on the part of the ex-husband against his ex-wife to treat this sale and her title to this land as valid for the purpose of securing a settlement of her alimony judgments, and of getting the. liens of these judgments upon this land canceled, when it was his secret, undisclosed intention, as soon as this was accomplished, to take

legal proceedings to have the sale and her title declared void. It would be inequitable and unjust to permit him to accomplish this purpose, without putting the wife back in her original position by canceling this contract and declaring the liens of her judgments subsisting, valid ones on this land. For this reason the trial judge erred in directing a verdict which wholly ignored this contention of the defendant.

*Judgment reversed. All the Justices concur.*