## GAMBLE v. BROOKS.

Hines, J. 1. The deed from William B. Slade to "Grigsby E. Thomas as trustee for Martha B. Thomas, and to Martha B. Thomas," executed on February 9, 1894 (Martha B. Thomas being then of age and laboring under no disability, and no other cestui que trustent being mentioned therein), which conveyed lots 49 and 50 in the Rose Hill Annex of the City of Columbus, as per survey of the lands of J. C. Cook, created an executed trust in favor of Martha B. Thomas, and vested immediately in her the title to said lots in fee simple.

2. Recitals in a deed bind only the parties to the deed and those claiming under them, but are not evidence against one who does not claim under any of the parties to it either as a privy in law or a privy in estate, but claims title independently of them. *Lamar* v. *Turner*, 48 *Ga.* 329; *Dixon* v. *Monroe*, 112 *Ga.* 158 (37 S. E. 180).

3. The rule in this State is that a recorded deed, in order to operate as constructive notice to a bona fide purchaser of land, must be a link in the purchaser's chain of title. A deed lying outside of a purchaser's chain of title is not constructive notice of the instrument. *Felton* v. *Pitman*, 14 *Ga.* 530; *Coursey* v. *Coursey*, 141 *Ga.* 65 (80 S. E. 462); *Hancock* v. *Gumm*, 151 *Ga.* 667 (107 S. E. 872, 16 A. L. R. 1003); *Ward* v. *Parks*, 166 *Ga.* 149 (142 S. E. 690).

4. A bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity. Civil Code (1910), § 4531. This doctrine proceeds on the idea that the equity of the innocent purchaser is superior to that of the cestui que trust, who stands silently by and permits such purchaser to act to his own injury, or who is guilty of laches in not sooner asserting a mere secret equity. A bona fide purchaser without notice acquires an unqualified legal right and title to the property purchased; and a court of equity has no jurisdiction to interfere with such vested legal right and title. *Parker* v. *Barnesville Savings Bank*, 107 *Ga.* 650 (34 S. E. 365).

5. "If one with notice sell to one without notice, the latter is protected; or if one without notice sell to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." Civil Code (1910), § 4535.

6. Applying the foregoing rulings, the recitals in the deeds of Hockley McKee Thomas to his wife, of the latter to Cox, and of Stella Thomas Oates and Eugenia T. Duke to Cox did not operate as constructive notice to Brooks and Huff, the immediate purchasers from Martha B. Thomas, that the proceeds arising from the sale of the property embraced in the original trust deed from Thomas B. Slade to Grigsby E. Thomas as trustee for Martha B. Thomas were used in the purchase of the premises sought to be partitioned in this case. This being so, Brooks and Huff acquired a good title to these premises, and could convey them to Cox; and even if Cox had notice when he purchased, or afterwards acquired notice, that these trust funds had been invested in the premises sought to be partitioned, he acquired good title thereto, and conveyed title to the defendant, Z. A. Brooks. Besides, the fact that Cox, after acquiring title to these premises, acquired deeds from Bertha M. Thomas, Stella Thomas Oates, and Eugenia T. Duke to all their right, title, and interest in these premises, does not amount to an admission that he knew, at the time he acquired his title, that these trust funds had been invested in the property sought to be·partitioned; and he could in these circumstances sell to one even with notice.

7. Applying the above principles, the trial judge did not err in sustaining the demurrer to the petition for partition.

*Judgment affirmed.  All the Justices concur.*

No. 7530.  June 17, 1930.

664

666

*Hatcher & Hatcher,* for plaintiff.　*Love & Fort,* for defendant.