PHELPS *v.* PALMER *et al.*

No. 13727.   June 16, 1941.

*I. S. Peebles Jr.*, and *W. K. Miller*, for plaintiff.

*Cumming, Harper & Nixon, F. S. Burney,* and *Lewis & Lewis,* for defendants.

DUCKWORTH, Justice. ■ The plaintiff contends that the Simeon A. Gray deed created an executory trust for both the life-estate and the remainder, that the remainder did not vest until the death of the life-tenant, and that the contingent remaindermen did not have a salable interest in the property conveyed until the death of the life-tenant. However, in our view of the case it is not necessary to pass upon the nature of the trust, or to determine whether the remaindermen had such an interest in the land under that deed as to be able to assign a present interest in the land before the death of the life-tenant. We think this case is controlled by the principle announced in *Isler* v. *Griffin,* 134 *Ga.* 192 (4) (67 S. E. 854), where it was held: "When a contingent remainder becomes vested by the happening of the event upon which the estate was contingent, the falling in of the estate inures to the benefit of the grantee named in a conveyance executed prior to the event upon the happening of which the expectant estate became vested." The facts of that case are strikingly similar to those in the present case. There the property was conveyed to a trustee for the use of Elizabeth Griffin "for and during her natural life" and "for her sole and separate use, and on her decease to such own child or children as she may leave surviving her, not including the issue of any deceased child or children." Peyton J. Griffin, one of the sons of Elizabeth Griffin, executed a deed to his interest in the property before her death. In the opinion this court said: "And counsel for plaintiff in error insist that a contingent remainder can not be the subject of a sale and conveyance. To what extent this is true it is unnecessary here to decide; for subsequently to the execution of the deed the event happened upon which the estate of Peyton J. Griffin, the grantor, was contingent, and the expectant estate became a vested one, and this operated to the benefit of the grantee in the deed, relating back to the time of the grant, if the deed itself at the time of its execution was insufficient to pass title. *Parker* v. *Jones,* 57 *Ga.* 204; *Lathrop* v. *White,* 81 *Ga.* 29 (6 S. E. 834); *Hill* v. *O'Bryan,* 104 *Ga.* 137, 142 (30 S. E. 996)." At the time the plaintiff executed the security deed to the property here involved, he held the same interest in the property as did Peyton J. Griffin in that involved in the quoted case. While the se-

curity deed disclosed that only a remainder was intended to be conveyed thereby, this case can not be distinguished from the *Isler* case on that ground. The deed from Peyton J. Griffin also disclosed that he was conveying property to which he did not have a fee-simple title. The deed referred to "my reversionary right to my interest" in certain property. The plaintiff contends that the remainder interest which he had was merely a "bare contingency or possibility" which the Code, § 96-102, declares may not be the subject of sale. This contention is without merit, because the plaintiff's contingent interest was more than a bare contingency or possibility. A contingent-remainder interest in land is an "estate." Code, §§ 85-701, 85-703; *McGowan* v. *Lufburrow*, 82 *Ga.* 523 (9 S. E. 427, 14 Am. St. R. 178). See *Todd* v. *Williford*, 169 *Ga.* 543 (150 S. E. 912); *Cooper* v. *Davis*, 174 *Ga.* 670 (163 S. E. 736); *Shockley* v. *Storey*, 185 *Ga.* 790 (196 S. E. 702). The case of *Dailey* v. *Springfield*, 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943), is distinguished on its facts from the present case. There the deed disclosed that the grantor was purporting to convey such interest in property as he might later inherit. This was clearly a "bare contingency or possibility."

The plaintiff is likewise estopped from asserting that he did not have authority to execute the security deed, because the deed from Simeon A. Gray provided that no sale or encumbrance should be made without his written consent. Even if this provision was valid after the grantor's death in 1899, the plaintiff can not now attacked his own deed by asserting that he was guilty of violating that provision. 19 Am. Jur. 606, § 10.

■ The plaintiff alleges that he paid the debts for which he gave the security deeds, but no allegation is made that the security deeds were canceled of record or that the purchaser at the sale under the first security deed had notice that the debt had been paid. So far as is disclosed by the petition, the purchaser bought bona fide and for value at such sale. In this situation the plaintiff can not now attack the title of the purchaser by pleading payment. *Garrett* v. *Crawford*, 128 *Ga.* 519 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); *Ellis* v. *Ellis*, 161 *Ga.* 360 (130 S. E. 681). The petition failed to state a cause of action, and the court did not err in sustaining the demurrer and dismissing the same.

*Judgment affirmed. All the Justices concur.*