## MARTIN v. HOME OWNERS' LOAN CORPORATION et al.

JENKINS, Chief Justice. The plaintiff by a suit in equity sought to annul a sale of certain realty by the defendant under the powers contained in a security deed, making the purchasers at such sale and their grantees parties defendant to the suit. There was a former suit by the said plaintiff against the same defendants, where the plaintiff appears to have set forth substantially the same facts as to the grounds of complaint as are embodied in the present suit. See *Martin* v. *Home Owners' Loan Corp.*, 198 *Ga.* 288 (31 S. E. 2d, 407), and *Martin* v. *Home Owners' Loan Corp.*, 72 *Ga. App.* 115 (33 S. E. 2d, 175). In the first-mentioned decision the allegations in the former suit are set forth by this court in transferring it to the Court of Appeals by reason of the equitable claims having been eliminated. The Court of Appeals in its decision affirmed the lower court in sustaining demurrers to the petition and in dismissin the action. *Held:*

1. As to the additional prayer for annulment of the deeds held by the purchasers of the property under a series of conveyances down to the present owners subsequently to the sale had under the terms of the security deed, the petition, if for no other reason, fails to set forth a cause of action, in that it fails to show that neither the present owner nor even any of the intervening purchasers and owners were innocent purchasers for value. This court declared in *Gamble* v. *Brooks,* 170 *Ga.* 662 (4) (153 S. E. 759): "A bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity. Civil Code (1910), § 4531. This doctrine proceeds on the idea that the equity of the innocent purchaser is superior to that of the cestui que trust, who stands silently by and permits such purchaser to act to his own injury, or who is guilty of laches in not sooner asserting a mere secret equity. A bona fide purchaser without notice acquires an unqualified legal right and title to the property purchased; and a court of equity has no jurisdiction to interfere with such vested legal right and title." Citing *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (34 S. E. 365). Also, it was said by this court in *Ellis* v. *Ellis,* 161 *Ga.* 360 (130 S.E. 681), that "Where a security deed contains a clause accelerating the payment of the principal before its maturity, by the failure of the vendor to pay any installment of interest, and where it contains a power of sale authorizing the holder, in default of payment of any installment of interest, to declare the principal due and to advertise and sell the premises therein embraced to enforce payment of the principal and interest of the debt, a sale to a bona fide purchaser under such power, after due advertisement thereof, in which it is stated that the holder is proceeding to sell because of default by the vendor in the payment of a past-due installment of interest, is equivalent to a sale under a decree in equity, and passes the title to the premises in such deed to such purchaser, although there was no default in the payment of any installment of interest, the purchaser having no notice of this fact." Thus, even if the petition could by any possibility be construed as otherwise setting up a cause of action for cancellation, it would nevertheless be deficient as to such a prayer for the reason stated.

2. With the exception of the prayer for annulment of the sale, the present petition seeking accounting and damages can be determined by the decision rendered by the Court of Appeals which appears sound—not under the doctrine of *res judicata,* since the case now before us is on demurrer, and not under the doctrine of the law of the case, but for the reason that the facts pleaded are substantially the same, and here, just as in that case, the petition contains no "well-pleaded" facts to show that the defendant's foreclosure and subsequent proceedings and transactions were without cause or in breach of the agreements between the plaintiff and the defendant. Moreover, since under the ruling in the first division of the opinion the petition did not set forth a cause of action for annulment; and since the petition does not allege that, in the absence of an annulment, the plaintiff is entitled to any of the proceeds of the sale of the property, for this additional reason the petition did not show any facts to authorize an equitable accounting.

3. Under the principles set forth in the foregoing rulings, the court did not err in sustaining a demurrer to the petition and in dismissing the action.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16051. FEBRUARY 10, 1948. REHEARING DENIED MARCH 19, 1948.

*Alton T. Milam,* for plaintiff.

*Shelton & Pharr, James F. Cox,* and *R. J. Reynolds,* for defendants.