### 19159. MATHIS *v.* BLANKS *et al.*

CANDLER, Justice. 1. We will first deal with the defendant Albert H. Davis' general demurrer, which the trial judge sustained. The petition alleges that the relation of attorney and client existed between the defendants Blanks and Davis, and that the former knew of fraudulent acts which had been committed for the purpose of defeating the plaintiff's right to alimony. It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment. *Citizens Bank of Vidalia* v. *Citizens & So. Bank,* 160 *Ga.* 109 (4) (127 S. E. 219), and cases there cited; *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d 788). In the *Citizens Bank of Vidalia* case this court, citing 6 C. J. 639 § 144, as authority therefor, said: "It is necessary that the knowledge of the attorney be gained in the course of the particular transaction in which he is employed by his client." And in *Lewis* v. *Foy,* supra, it was unanimously held that the above-stated rule respecting the relation of attorney and client, and imputable notice, applies only to the parties while the relation exists and with reference to the matter involved in that relationship. In the case at bar, it is not alleged that the defendant Blanks, as attorney or otherwise, represented the defendant Davis in acquiring the property here involved; and it is an elementary rule of construction, as applied to a pleading, that it will be construed on demurrer thereto most strongly against the pleader. *Johnson* v. *Sears,* 199 *Ga.* 32 (34 S. E. 2d 541); *Clements* v. *Hollingsworth,* 205 *Ga.* 153 (52 S. E. 2d 465). Since the petition in the instant case does not allege that the relation of attorney and client existed between the defendant Blanks and the defendant Davis in the latter's acquisition of the subject property, and there is no other allegation that the defendant Davis knew of the plaintiff's alleged equity, we must and do hold that it is insufficient to negative the presumption that the defendant Davis was a bona fide purchaser for value and without notice of any equitable right which the plaintiff may have had in the property he purchased.

2. Code § 37-111 declares: "A bona fide purchaser for value, and without notice of an equity, will not be interferred with by equity." In

*Gamble* v. *Brooks,* 170 *Ga.* 662 (153 S. E. 759), it was said: "This doctrine proceeds on the idea that the equity of the innocent purchaser is superior to that of the *cestui que trust,* who stands silently by and permits such purchaser to act to his own injury, or who is guilty of laches in not sooner asserting a mere secret equity. A bona fide purchaser without notice acquires an unqualified legal right and title to the property purchased; and a court of equity has no jurisdiction to interfere with such vested legal right and title." To the same effect see *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (34 S. E. 365); *Martin* v. *Home Owners Loan Corp.,* 203 *Ga.* 480 (48 S. E. 2d 376). Where property is regularly sold under a power of sale contained in a security deed, the sale is equivalent to one under a decree in equity. *Ellis* v. *Ellis,* 161 *Ga.* 360 (130 S. E. 681).

(a) Even if it can be said that the allegations of the petition are sufficient to show that the defendant James P. Brown was not a bona fide purchaser for value, it is a well-settled rule that, if one with notice sells to one without notice, the latter is protected; or if one without notice sells to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value. Code § 37-114; *Collins* v. *Heath,* 34 *Ga.* 443, 454.

3. Married women are as much bound by estoppel as other persons, and a wife is estopped as to an innocent purchaser for value where she has knowledge that property in which she claims an equity is being sold and remains silent until after the sale. *Dotterer* v. *Pike,* 60 *Ga.* 29, 30; *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (3) (79 S. E. 576); *DeLoach* v. *Sikes,* 169 *Ga.* 465 (150 S. E. 591). In this case the petition affirmatively shows that the plaintiff and her counsel knew that the property involved was being advertised for public sale on a specified date to satisfy three secured notes executed by her husband; that she made arrangements to buy the property in at the sale for the amount due G. A. Tye and sons; and that she refrained from bidding solely because of a representation which the defendant Blanks allegedly made to her counsel as to the amount due.

4. Where property is sold in accordance with a power of sale contained in an uncanceled security deed, but after the secured debt has been paid, a purchaser for value who has no knowledge of the fact that the secured debt has in fact been paid will be protected in his title. *Garrett* v. *Crawford,* 128 *Ga.* 519 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); *Ellis* v. *Ellis,* supra; *Phelps* v. *Palmer,* 192 *Ga.* 421 (15 S. E. 2d 503). As between the grantor and the grantee, a sale under the power when the debt has been satisfied is, of course, a fraud upon the grantor, and the grantee would be responsible to the grantor for whatever damages he sustained on account of the fraud thus perpetrated upon him, but an innocent purchaser at the sale will be protected in his title. *Garrett* v. *Crawford,* supra.

5. The petition alleges that the security deeds from Ralph N. Mathis to Fred Mathis and Emory J. Mathis were without consideration, dated back and made for the fraudulent purpose of defeating the plaintiff's right to alimony, but it is not alleged that the defendant Davis had any knowledge of this and it is well settled that a purchaser for value, without notice of fraud in the vendor's title, is protected as to the title he acquires. *Collins* v. *Heath,* supra; *Ratteree* v. *Conley,* 74 *Ga.* 153.

228

6. As the petition shows, the defendant Davis, for a consideration of $4,375, received a deed from James P. Brown embracing all of the interest which the defendant Ralph N. Mathis previously owned in the property involved, and his status as a bona fide purchaser for value was not changed, as the plaintiff contends, because he, at the time of his purchase from Brown, also took a quitclaim deed from the defendant Ralph N. Mathis for the same land, paying him, according to a copy of the deed which is attached to the petition as an exhibit, a consideration therefor of $10. To charge that the defendant Davis was not a bona fide purchaser for value as to her, it was necessary for the plaintiff to allege in her petition that the defendant Davis had actual or imputable notice of her equity at the time of his purchase from Brown, and the fact that he took a quitclaim deed from her husband—the grantor in the security deeds—does not remotely amount to an allegation that he had notice or knowledge of any equity she had in the property at the time he acquired title to it. See *Hammond* v. *Crosby & Co.*, 68 *Ga.* 767; *Marshall* v. *Pierce*, 136 *Ga.* 543 (71 S. E. 893); Moelle *v.* Sherwood, 148 U. S. 21 (13 Sup. Ct. 426). Nor was the plaintiff injured by the quitclaim deed, since the defendant Ralph N. Mathis was completely divested of all interest and title he had in and to the property when it was sold under the security deeds given by him.

7. In addition to the prayer for cancellation, the remaining prayers of the petition are: (1) that the defendants and each of them be enjoined from changing the status of the property which is the subject matter of this suit; (2) that a receiver be appointed to take charge of the property, insure it and preserve it pending a determination of the cause; (3) that equitable title to the property in question be decreed in the plaintiff; and (4) that she have such other relief as is equitable and just. By our preceding rulings we have held that the allegations of the petition are insufficient to show any right in the plaintiff to cancel the instruments placing title to the land in question in the defendant Davis; and this being true, it necessarily follows that the plaintiff is not entitled to any of the other relief prayed for. Hence, the petition failed to state a cause of action against the defendants Blanks and Davis, and the court did not err, as contended, in sustaining their general demurrers and dismissing the petition as to them.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1955—DECIDED JANUARY 10, 1956—
REHEARING DENIED FEBRUARY 16, 1956.

*A. C. Felton, III, Wm. T. Roberts,* for plaintiff in error.
*W. F. Blanks, J. Frank Myers,* contra.