In re Joseph Michael BRIGLEVICH,
Debtor.

Paul H. ANDERSON, Jr.,
Trustee, Plaintiff,

v.

Joseph Michael BRIGLEVICH, Rose Briglevich, Ana Vlahinich, George Briglevich, John Briglevich, and Steve Briglevich, Defendants.

Bankruptcy No. A85–00514.
Adv. No. 90–0711.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 8, 1992.

John Howard, Fortson & White, Atlanta, GA, for plaintiff.

William L. Rothschild, Branch, Pike, Ganz & O'Callaghan, Atlanta, GA, for de-

fendants other than Joseph Michael Briglevich.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on two motions for summary judgment. One of the defendants, Dr. Rose Briglevich, has filed a motion for partial summary judgment, and the plaintiff Chapter 7 Trustee has filed a motion for summary judgment as to all of plaintiff's claims.

In this adversary proceeding, plaintiff seeks to void and set aside transfers by the debtor of three parcels of real estate. All of the transfers at issue took place after the commencement of debtor's Chapter 11 case, without authorization of the bankruptcy court, and without notice to creditors.

There are six named defendants. Defendant Joseph Michael Briglevich is the debtor. At the time debtor filed this bankruptcy case, debtor was married to defendant Rose Briglevich. Defendant Ana Vlahinich is Rose Briglevich's mother, and defendants George, John and Steve Briglevich are the children of debtor and defendant Rose Briglevich.

The three parcels of real property are as follows: (1) the marital residence of Joseph and Rose Briglevich at 4002 Ridge Road, Smyrna, Cobb County, Georgia, referred to as the "Home"; (2) a ¾ acre parcel on McClatchey Circle, Peachtree Manor Heights, Atlanta, Fulton County, Georgia, referred to as the "Fulton County Property"; and (3) a 2.98 acre parcel on Coverbridge Road, Smyrna, Cobb County, Georgia, referred to as the "Coverbridge Property."

Defendant Rose Briglevich's motion for partial summary judgment seeks a dismissal of plaintiff's claim to set aside debtor's transfer to her of debtor's interest in the Home. Plaintiff seeks a summary judgment setting aside debtor's transfers of all three properties and a money judgment against defendant Rose Briglevich to satisfy all encumbrances which she has placed on the Home or the Fulton County Property. Plaintiff also seeks to recover attorneys fees from defendant Rose Briglevich.

The material facts are not in dispute. When debtor filed bankruptcy on February 1, 1985, debtor was identified in the appropriate county land records as the sole owner of record of all three properties. Debtor listed all three properties as assets of the estate. Debtor included language in his bankruptcy schedules that he considered his wife to have an equitable interest in these properties. However, it is undisputed that record title to all these properties was in debtor's name alone and that each of the three properties was acquired in debtor's name. The Home was acquired in the name of Joseph Briglevich on July 19, 1976. The Fulton County Property was acquired in the name of Joseph Briglevich on November 30, 1973. The Coverbridge Property was acquired in the name of Joseph Briglevich on October 12, 1977.

Defendant Rose Briglevich filed a complaint for divorce against debtor Joseph Briglevich in the Superior Court of Cobb County on March 5, 1987. Debtor did not answer the complaint for divorce and did not make any appearance in the divorce proceedings or contest in any way the final judgment and decree of divorce which was entered on August 11, 1987. Defendant Rose Briglevich did not seek or obtain relief from the automatic stay under 11 U.S.C. § 362(a) to allow the state court to engage in the division or distribution of debtor's property.

The divorce decree awarded Rose Briglevich, among other things, full fee simple title and possession in the Home and the Fulton County Property. The divorce decree awarded debtor full fee simple title and possession to the Coverbridge Property.

The divorce decree at ¶ 28 provided as follows:

Plaintiff/ROSE BRIGLEVICH and Defendant/JOSEPH BRIGLEVICH, are hereby ORDERED and DIRECTED from time to time, at the request of the other party, to execute, acknowledge and deliver to such other party any and all addi-

tional instruments, documents and the like that may be required to give full force and effect to the provisions of this Final Judgment And Decree Of Divorce. If either party shall fail to comply with the provisions of this paragraph, this Final Judgment And Decree Of Divorce shall constitute an actual grant, assignment and conveyance of property and the rights in such manner, and with such force and effect as shall be necessary to effectuate the terms of this Final Judgment And Decree of Divorce.

The divorce decree was recorded in the Cobb County land records on October 27, 1988. Defendant Rose Briglevich's counsel prepared quitclaim deeds for debtor's signature transferring all of debtor's interest in the Home and the Fulton County Property to Rose Briglevich. Both quitclaim deeds are dated August 29, 1988. The quitclaim deed on the Home was not recorded in the Cobb County land records until November 3, 1989. The quitclaim deed on the Fulton County Property was not recorded in the Fulton County land records until November 13, 1989.

Debtor also executed a quitclaim deed transferring all of his interest in the Coverbridge Property to defendant Ana Vlahinich, his mother-in-law, and to his three sons, defendants George, John and Steve Briglevich. The quitclaim deed is dated August 29, 1988, but was not recorded until November 3, 1989.

Defendant Rose Briglevich never sought or obtained relief from the automatic stay in order to allow the state court to divide debtor's property. Debtor gave no notice of his divorce, the purported property division contained in the divorce decree, or any of the quitclaim deeds identified above to the bankruptcy court or to his creditors. Neither debtor nor any of the other defendants ever sought court approval of the transfer of debtor's interest in the three parcels of property. Neither debtor nor his counsel ever filed notice of the bankruptcy filing in the land records of Fulton County or Cobb County.

The instant complaint was filed on December 6, 1990 by creditors Klaus and Brigette Rees, very shortly after they learned of the transfers of debtor's property.[1] The Court appointed a Chapter 11 trustee on January 23, 1991. The trustee gave a prompt report of his investigation and filed a motion to convert the case to a case under Chapter 7 on February 8, 1991. The case was converted to a case under Chapter 7 on April 12, 1991, and the trustee was substituted as the plaintiff in this adversary proceeding on August 9, 1991.

The parties dispute some facts, but the disputed facts are not material or relevant to the key issues which can be decided on summary judgment. Defendant Rose Briglevich contends that she paid for all three of these properties. She contends that she openly and continuously occupied the Home to the exclusion of debtor after September 20, 1986, that debtor moved out of the Home in 1985 and that debtor lived with another woman at another address from April, 1987 until July, 1991. Defendant Rose Briglevich contends that she "permitted" Joseph Briglevich to retain the Coverbridge Property in the divorce decree, because she understood that he would deed the Coverbridge Property directly to the sons and to her mother, Mrs. Vlahinich. Defendant Rose Briglevich also contends that her sons built the bridge on the Coverbridge Property. Plaintiff disputes all of these contentions.

The parties also sharply dispute whether defendants had knowledge of debtor's bankruptcy at the time of these unauthorized transfers. Defendant Rose Briglevich contends that neither she nor her mother or her sons had any knowledge that the bankruptcy case had been filed. Plaintiff contends that defendant Rose Briglevich was well aware of the bankruptcy. Plaintiff contends that defendant Rose Briglevich signed and received letters relating to the bankruptcy proceeding, that she even testified in the United States Bankruptcy Court in 1986, and that she met with

---

**1.** The Reeses have a claim in this case in the amount of approximately $116,358.74. This claim was the subject of a considerable amount of litigation between the Reeses and debtor.

debtor's counsel to discuss the bankruptcy proceeding.

*Defendant Rose Briglevich's Motion For Partial Summary Judgment*

Defendant Rose Briglevich argues that plaintiff's action to set aside the conveyance of the Home is barred by the statute of limitations provision in 11 U.S.C. § 549(d) which provides, in pertinent part, that an action to set aside a post-petition transfer of property of the estate must be commenced within two years after the date of the transfer. Defendant Rose Briglevich argues that the Home was transferred when the divorce decree was signed in August of 1987 and/or when defendant Rose Briglevich occupied the Home to the exclusion of debtor in 1986 and that the claim asserted in December of 1990 comes too late.

■ There are several difficulties with defendant Rose Briglevich's motion. First and foremost, the motion fails to address the effect of the automatic stay on the portions of the divorce decree that distribute property of the debtor or direct that debtor's property be transferred to his wife. Those portions are null and void.

■ The automatic stay provision of the Bankruptcy Code provides a list of actions that are stayed by the filing of a petition for relief. Section 362(a) provides, in pertinent part, as follows:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the

commencement of the case under this title; ...
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate.

11 U.S.C. § 362(a) (1988).

Legal proceedings or actions taken in violation of the automatic stay are void and without effect, regardless of whether the party initiating the proceeding or action has knowledge of the bankruptcy case. Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code*, ¶ 5.05[1], at 5–62 (Lawrence P. King, ed. 1992); *Albany Partners, Ltd. v. W.P. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670, 675 (11th Cir. 1984); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982); *In re Ward,* 837 F.2d 124, 125 (3d Cir.1988); *In re Louisiana Ship Management, Inc.,* 761 F.2d 1025, 1026 (5th Cir.1985); *In re Posner,* 700 F.2d 1243, 1246 (9th Cir.1983). Here, defendant Rose Briglevich did not seek or obtain relief from the stay pursuant to § 362(d). Those portions of the divorce decree entered in August, 1987 and recorded in October, 1988, which affect and direct any transfer of property of the bankruptcy estate clearly violate the automatic stay and are void.[2] *See Elrod v. Elrod (In re Elrod),* 91 B.R. 187 (Bankr.M.D.Ga. 1988); *In re Burg,* 103 B.R. 222, 226 n. 10 (9th Cir. BAP 1989).

■ Second, the statute of limitations in § 549(d), relied on by defendant Rose Briglevich, does not apply to a trustee's challenge to actions prohibited by § 362. *Garcia v. Phoenix Bond & Indemnity Co. (In re Garcia),* 109 B.R. 335, 340 (N.D.Ill. 1989); *Warsco v. Schaller Trucking Corp. (In re R. & L. Cartage & Sons, Inc.),* 118 B.R. 646, 651 (Bankr.N.D.Ill.1990); *see also Schwartz v. United States (In re*

---

**2.** The portions of the divorce decree dissolving the marriage and dealing with non-economic issues do not violate the stay and are valid between the Brigleviches. We are concerned here only with those portions of the decree which violate the automatic stay by making

determinations of or dispositions relating to property of the estate. *See Schock v. Schock (In re Schock),* 37 B.R. 399 (Bankr.D.N.D.1984); *Perkins v. Perkins (In re Perkins),* 36 B.R. 618 (Bankr.M.D.Tenn.1983); *Kaylor v. Kaylor (In re Kaylor),* 25 B.R. 394 (Bankr.M.D.Fla.1982).

*Schwartz)*, 954 F.2d 569, 572 (9th Cir.1992) (*citing Garcia* and *Cartage* with approval). *But see Michaels v. National Bank of Sussex County (In re E–Tron Corp.)*, 141 B.R. 49 (Bankr.D.N.J.1992). There is no statute of limitations for a claim predicated on the automatic stay provisions of § 362. *Balsley v. Farmers & Merchants Bank (In re Elliott)*, 81 B.R. 460, 463 (Bankr.N.D.Ill. 1987).

■ Finally, defendant Rose Briglevich argues that the Home was "transferred" from debtor to her in 1986, when she took exclusive possession of the Home. Once again, the bankruptcy case was filed in 1985, and any act to obtain possession of debtor's property without seeking and obtaining relief from the automatic stay violated § 362(a)(3) and is null and void. The fact remains that the Home was titled in debtor's name at the time the bankruptcy case was filed, and it is property of the estate. The bankruptcy laws do not permit debtor's wife or any other entity to simply take possession of debtor's real estate and thereby defeat the claims of creditors and the trustee.

### Plaintiff's motion for summary judgment

■ Plaintiff contends that the purported transfers of all three properties are void and should be set aside as a matter of law. The Court agrees. The transfers of the Home and the Fulton County Property by quitclaim deed were made pursuant to the provisions of a divorce decree which the Court has found to be in violation of the automatic stay and void. Accordingly, these transfers also violate the automatic stay and are void.

■ In addition, all three transfers by quitclaim deed must be set aside pursuant to § 549(a) of the Bankruptcy Code. The material facts are undisputed. The transfers were made after the commencement of the bankruptcy case, and they were not authorized under the Bankruptcy Code or by the bankruptcy court. All of these transfers were recorded in November of 1989, and the action was brought well within the time limit set out in § 549(d).

■ Defendants argue that the transfers fit within the exception found in § 549(c) which protects certain good faith purchases of real property. Section 549(c) provides as follows:

(c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith *purchaser* without knowledge of the commencement of the case and for *present fair equivalent value* unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

11 U.S.C. § 549(c) (1988) (emphasis added).

The purpose of § 549(c) is to protect against a fraudulent debtor selling real property to an innocent purchaser who has no knowledge of the bankruptcy case. 4 *Collier on Bankruptcy*, ¶ 549.03[3] at 549–12, 549–13 (Lawrence P. King, ed., 15th ed. 1992).

■ The undisputed facts show that none of the transfers fit within the exception of § 549(c). Defendant Rose Briglevich did not purchase the Home or the Fulton County Property from debtor, and the sons and the mother-in-law did not purchase the Coverbridge Property from debtor. There is no showing of any *present fair equivalent value* for the transfers of any of these properties. In fact, defendants admit that the transfers of the Home and the Fulton County Property were made as a result of the division of property provided for in the divorce, and the transfer of the Coverbridge Property was made by virtue of an agreement between debtor and

defendant Rose Briglevich that she would "permit" debtor to have the Coverbridge Property if he would deed it to his mother-in-law and sons. Even if the Court accepts defendants' suggestion that debtor never contributed his fair share to the marriage and that defendant Rose Briglevich deserved payment for all her past contributions, satisfaction of antecedent indebtedness does not qualify as "present" fair equivalent value. *See Purnell v. Citicorp Homeowners Services, Inc. (In re Purnell),* 92 B.R. 625, 630 (Bankr.E.D.Pa.1988); *Davis v. Bank of Commerce (In re Wilson),* 52 B.R. 637, 638 (Bankr.E.D.Tenn. 1985); *In re Penfil,* 40 B.R. 474, 477 (Bankr.E.D.Mich.1984); *In re Shepherd,* 12 B.R. 151, 153–54 (E.D.Pa.1981); *Kass v. Doyle,* 275 F.2d 258, 262 (2d Cir.1960).

■ Defendants' primary argument in opposition to plaintiff's motion for summary judgment is that these three parcels of real estate were not property of the estate at the time the bankruptcy case was filed in 1985. Notwithstanding the undisputed fact that all three parcels were titled solely in debtor's name at the time of filing, defendants argue that Rose Briglevich had an unrecorded equitable interest in each of these parcels of real estate and that her equitable interest defeats any claim of the trustee. This argument is without merit in view of 11 U.S.C. § 544(a)(3) of the Bankruptcy Code.

Section 544(a), often referred to as the "strong arm clause," provides, in pertinent part, as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (1988).

Section 544(a)(3) gives the trustee the power and status of a hypothetical bona fide purchaser of the debtor's real estate.[3] The advantages of this power are found in state law which governs the rights of a bona fide purchaser over an unrecorded interest in real estate.

Georgia law provides that a bona fide purchaser for value is protected against outstanding equitable interests in land of which the purchaser has no notice. *Dime Sav. Bank v. Sandy Springs Assoc.,* 261 Ga. 485, 487, 405 S.E.2d 491, 493 (1991); *Anderson v. Streck,* 190 Ga.App. 224, 225–26, 378 S.E.2d 526, 528 (Ga.App.1989); *Jenkins v. Sosebee (In re Jenkins),* 74 B.R. 440, 448–49 (Bankr.N.D.Ga.1987); *Gamble v. Brooks,* 170 Ga. 662, 153 S.E. 759, 761 (Ga.1930); O.C.G.A. §§ 23–1–20, 23–2–34, 23–1–19, 44–2–3; 2 George A. Pindar, *Georgia Real Estate Law and Procedure,* § 18–27 (3d ed. 1986). In cases with similar facts, courts have held that a wife's equitable interest in marital property which is unrecorded at the time the bankruptcy case is commenced is superseded by the trustee under § 544(a). *Perlow v. Perlow,* 128 B.R. 412, 415 (E.D.N.C.1991); *Elrod,* 91 B.R. at 189; *In re Fisher,* 67 B.R. 666, 669 (Bankr.D.Colo.1986); *see also In re Bible,* 110 B.R. 1002, 1009–10 (Bankr. S.D.Ga.1990). *But see In re Perry,* 131 B.R. 763, 769 (Bankr.D.Mass.1991).[4] In

---

**3.** Section 544(a)(1) and (2) give the trustee the power and status of two other hypothetical standings—a hypothetical judicial lien creditor under § 544(a)(1) and a hypothetical creditor holding an execution returned unsatisfied under § 544(a)(2). In view of the Court's application of § 544(a)(3), these other two avoiding powers are not analyzed here. However, Georgia law appears to grant priority to an unrecorded interest in real estate over a subsequent judgment lien and this would prevent the trustee from asserting a claim pursuant to § 544(a)(1). *Ivey v. Transouth Financial Corp. (In re Clifford),* 566 F.2d 1023, 1027 (5th Cir.1978); *Updike v. First Federal Sav. & Loan Ass'n of Columbus (In re Updike),* 93 B.R. 795, 798 (Bankr.M.D.Ga.1988).

**4.** The court's holding in *Perry* was based on the same court's reasoning in *In re Mill Concepts*

this case, at the time of bankruptcy, debtor held sole title to the real estate at issue and defendant Rose Briglevich had no recorded interest in the properties. Thus, any interest in specific real estate that she may have claimed as marital property is superseded by plaintiff's powers under § 544(a)(3).

■■■■ Defendant Rose Briglevich is not without a remedy. She has a general unsecured claim against the estate, and she has a right to be compensated the same as other unsecured creditors. However, the value of defendant Rose Briglevich's claim has not yet been determined, and the determination will involve an application of the doctrine of equitable division of property under Georgia law. The best forum for the resolution of domestic relations matters is the state court, and thus the automatic stay is lifted to permit defendant Rose Briglevich to have the value of her claim determined by the Superior Court of Cobb County, after which she may file a proof of claim in debtor's bankruptcy case as an unsecured creditor. *See Perlow,* 128 B.R. at 415; *Elrod,* 91 B.R. at 189; *Fisher,* 67 B.R. at 669; *Hohenberg v. Hohenberg (In re Hohenberg),* 143 B.R. 480 (Bankr. W.D.Tenn.1992).

In the parties' briefs in opposition to each other's motions, they argue at some length about whether defendants had knowledge of debtor's bankruptcy at the time of the transfers. Thus, it may be helpful to explain why those disputed facts are irrelevant to the relief being granted by this Order. Whether defendant Rose Briglevich knew of her husband's bankruptcy is irrelevant to the operation of the automatic stay under § 362. The automatic stay is applicable to all entities, and there is nothing in the statute that limits its applicability to entities who have knowledge of the bankruptcy. Similarly, defendants' knowledge of the bankruptcy is ir-

relevant to the relief being granted here under § 549. There is no evidence that any present fair equivalent value was given to debtor for any of the three transfers. Thus, even if defendants did not know of the bankruptcy, these post-petition transfers would still be set aside under § 549. *See In re Powers,* 88 B.R. 294 (Bankr. D.Nev.1988).

Finally, the parties' arguments regarding defendants' knowledge of the bankruptcy relate in large part to plaintiff's argument that the inequitable conduct of debtor and his wife toll the statute of limitations under § 549(d). However, the Court has held that the statute of limitations in § 549(d) does not apply to violations of the automatic stay and does not bar the trustee's action to set aside any of the transfers by quitclaim deed. Consequently, the Court need not determine whether the statute of limitations was tolled and need not make findings at this time regarding the defendants' knowledge of the bankruptcy.

Two additional claims are asserted by plaintiff which cannot be resolved on the present motion for summary judgment.[5] First, plaintiff has requested that a judgment be entered against defendant Rose Briglevich for all encumbrances which she has placed upon any of the properties. It is not clear in the motion for summary judgment what this amount is or whether this amount is in dispute. Second, plaintiff asserts a claim against defendant Rose Briglevich for attorneys fees incurred by the estate and by the Reeses in connection with this adversary proceeding. Once again, this claim cannot be determined on the record before the Court.

In accordance with the above reasoning, defendant Rose Briglevich's motion for partial summary judgment is DENIED, and plaintiff's motion for summary judgment is

---

*Corp.,* 123 B.R. 938 (Bankr.D.Mass.1991). That reasoning has been described as the result of a "ruthless parsing of Section 544(a)" and an "aggressive reading of Section 544(a)(3)." David G. Carlson, *The Trustee's Strong Arm Power Under the Bankruptcy Code,* 43 S.C.L.Rev. 841, 932, 947 (1992).

5. There remains one additional claim which is not the subject of either of the pending motions. The five non-debtor defendants filed a cross claim against the defendant debtor. The file does not reflect any answer having been filed by defendant Joseph Briglevich to the cross claim. However, the cross claim is not the subject of any motion for summary judgment or default judgment at this time.

GRANTED IN PART and DENIED IN PART. Plaintiff's motion is granted insofar as the transfers of the three parcels of property are hereby declared void and are set aside. Plaintiff is DIRECTED to prepare and present to the undersigned a brief order which can be filed on the land records in Fulton and Cobb County declaring the transfers by quitclaim deed or divorce decree void and of no effect pursuant to this Order. Plaintiff's motion for summary judgment is denied with respect to the claims against defendant Rose Briglevich for attorneys fees and for a money judgment relating to liens placed on the real estate.

Notice is hereby given that a pretrial conference is scheduled to be held on November 13, 1992, at 10:00 A.M., in Courtroom 1707, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, to discuss a timetable and procedure for handling all remaining claims in this adversary proceeding.

IT IS SO ORDERED.