In re Philip R. COHN, Debtor.

Robert Y. MURRAY, Trustee, Plaintiff,

v.

COMMUNITY SAVINGS BANK, Third National Bank of Hampden County, Hugh J. Corcoran, and Bradford R. Collins, Defendants. *

Bankruptcy No. 80–00014–G.
Adv. Proceeding No. 4–80–0129.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 24, 1980.

James F. Queenan, Jr., Worcester, Mass., for Trustee.

Gregory A. Schmidt, Springfield, Mass., for Community Sav. Bank and Hugh J. Corcoran.

Cornelius J. Moriarty, II, Holyoke, Mass., for Bradford Collins.

Philip A. Brooks, Springfield, Mass., for Third Nat. Bank.

MEMORANDUM AND ORDER REGARDING MOTION TO DISMISS

PAUL W. GLENNON, Bankruptcy Judge.

This matter is before me upon the motion of defendant Community Savings Bank ("Bank") to dismiss the Trustee's complaint due to lack of subject–matter jurisdiction pursuant to Title 28, U.S.C. § 1471, or in the alternative, defendant Bank asks the court to abstain from jurisdiction pursuant to § 1471(d) of the same Title. Defendants

Hugh J. Corcoran and Bradford R. Collins have joined in this motion. Oral argument was heard on September 30, 1980 in Springfield, Massachusetts. All counsel having appeared, the court is in receipt of a stenographic record and briefs filed by each side. The complicated facts alleged in the Complaint which for purposes of this motion only, are deemed to be true are as follows:

The plaintiff Robert Y. Murray ("Trustee") is the trustee in bankruptcy for the estate of Philip R. Cohn. The case was commenced on January 8, 1980 by the filing of an involuntary petition in bankruptcy, and an Order of Relief has been entered. The Trustee seeks to have the bankruptcy court determine, in light of the automatic stay provisions of § 362(a) of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.), the appropriateness of a disbursement by the defendant Corcoran to the defendant Bank of a fund he held as escrow agent.

The complaint alleges that on January 17, 1979, the defendants together with H. Joel Rahn and Philip R. Cohn executed an agreement whereby the sum of $200,000.00 was placed in escrow with the defendant Corcoran as escrow agent to serve as a fund with respect to certain suits which Community Savings Bank had brought against Philip R. Cohn, Bradford R. Collins, or both of them, which were then pending in the State Superior Court. The oral argument of counsel elaborated on this by pointing out that at the time of this agreement, the Bank was suing to collect deficiencies on notes owing to it from Cohn and/or Collins, both individually and jointly, said notes being secured by mortgages on real estate granted by the debtors, and each mortgage note containing a "cross–collateralization" clause, bringing in as security all other properties put forward as security on other notes from Cohn and Collins to the Bank.

In memoranda to the court, as well as from oral argument, it appears that Philip Cohn and Bradford Collins transferred certain real estate located in Marlboro, Massachusetts in trust to H. Joel Rahn in the fall of 1974. Rahn, therefore, is the record owner of the property. The escrow agreement previously mentioned arose out of the Bank's suits against Cohn and Collins. The bank alleged that this Marlboro property, in the hands of Rahn, was included as security for a fourth note from Cohn and Collins and, because of the cross–collateralization clauses, was also security for any and all other obligations to Community Savings Bank by Cohn and/or Collins. In order to avoid tying up the real estate, it was agreed to place $200,000.00 in escrow for the benefit of the Bank as security in the event it obtained judgment against Cohn and/or Collins.

According to the complaint, Collins has consented to an entry of three judgments in favor of the Bank totalling $195,427.10. As a result of those judgments being entered against Collins, pursuant to the escrow agreement, Corcoran, as escrow agent, caused the fund, or most of it, to be paid over to Community Savings Bank. The Trustee does not allege that this was in violation of any applicable state law or of any clause in the escrow agreement.

Rather, the complaint seeks to have determined whether or not the transfer of the funds to the Bank by Corcoran was in violation of the automatic stay provisions of § 362. In order to prove such a violation, the Trustee must show that Philip Cohn had an interest in the funds which passed into Mr. Corcoran's hands. As part of that effort, the Trustee wishes to litigate the issue of whether the property transferred to H. Joel Rahn in trust is subject to the cross–collateralization clauses of the other notes and mortgages since, if that property, in which the Trustee claims an equitable interest, is not subject to the mortgages, it should not have been placed in escrow.

From these facts it is not totally clear to the court on what basis the Trustee claims an interest in the escrow fund. However I am satisfied that the determination of the Trustee's interest can be made by the Bankruptcy Court. Under the new Bankruptcy Code, effective October 1, 1979, the United States Bankruptcy Courts are granted expanded jurisdiction over the old Bankruptcy Act. Section 241(a) of the Bankruptcy Re-

form Act of 1978 (Public Law 95–595) amended 28 U.S.C. by adding a new Chapter 90. Therein lies § 1471 of Title 28, which expands the summary jurisdiction of bankruptcy courts under the old Act, and gives plenary jurisdiction over all cases arising out of a bankruptcy proceeding, as well as exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of the case.

Where as here, the Trustee seeks a determination of his rights in property as of the date of the filing, the Bankruptcy court will almost always have jurisdiction to hear the cause. The Trustee has alleged an interest in the property on behalf of the debtor's estate. The intent of Congress in expanding the jurisdiction of the Bankruptcy court was to give it plenary power to adjudicate all issues arising out of a bankruptcy proceeding. The Trustee has alleged that there are questions of law and fact which require judicial determination. He claims an interest in an escrow fund which was paid over to the Bank (¶ 10 of Complaint), yet at the same time in paragraph 7 of the Complaint, the Trustee alleges that Bradford Collins, Philip Cohn's Co–debtor and partner in the transfer in trust to H. Joel Rahn, has no legal or beneficial interest in the said escrow fund. I find it difficult to understand how Philip Cohn, through whom the Trustee in bankruptcy here claims, obtained greater rights in this escrow fund than did his joint venturers, but nevertheless, if there is merit to the claim, it should be heard in the Bankruptcy court.

Clearly, Congress did not intend to grant the bankruptcy courts such pervasive new jurisdiction without allowing it to determine whether or not certain funds alleged to be contained within the bankrupt estate are indeed so contained or not. What use would the court have of expanded plenary powers if it could not litigate questions such as this? The mere fact that some state law may be applicable does not deter me from concluding that the question of what is or is not a part of the bankrupt estate is solely a question of federal law, not state law. The Bankruptcy Code and the decisions thereon, shall enlighten me as to whether the Trustee's claim has any merit. But, the merits of that claim are, no doubt, properly before this court. Were it to be otherwise, the bankruptcy process, and the courts as well, would be burdened with the additional time and expense of litigating matters in the state courts, where dockets tend to be much slower, on issues which go to the heart of a bankruptcy court's function, namely determining what is the estate of the bankrupt and who shall share in it.

Thus, I must conclude that the Motion to Dismiss should and is hereby DENIED.