In re Arnold C. HARMS, individually and as general partner of the following limited partnerships: BeeRock Development, Blueridge Development, Hideaway Ranch Associates, Woodlands Associates, Falcon Associates, Falcon Associates II, Falcon Associates III, and Southwest Associates, Debtor.

Bankruptcy No. 80 B 03193 K.

United States Bankruptcy Court, D. Colorado.

Nov. 25, 1980.

Arthur R. Karstaedt, III, Denver, Colo., for Jane Frist.

Arthur Lindquist–Kleissler, Denver, Colo., for debtor.

Dennis A. Graham, Denver, Colo., for trustee.

Douglas F. Hadra, Denver, Colo., State Court Receiver, pro se.

Judith Ward Mattox, Denver, Colo., for Quiat Dice & Associates.

## ORDER DENYING MOTION TO WITHDRAW OR EXCLUDE PROPERTY

GLEN E. KELLER, Jr., Bankruptcy Judge.

THIS MATTER is before the Court upon the motion of Jane Frist to withdraw and exclude property from the bankrupt estate. Ms. Frist was formerly the wife of Arnold Harms, who filed a petition in this Court on July 31, 1980, seeking relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101, et seq.). Ms. Frist contends that prior to her ex–husband's petition in bankruptcy, her interest in certain real property and limited partnerships was set aside to her by order of the Denver District Court in a dissolution proceeding between the parties. It follows, she claims, that this property was not owned by Mr. Harms on the date of the petition and title did not pass to the estate under 11 U.S.C. § 541.

Mr. Harms filed the dissolution proceeding on July 1, 1976. A master was then appointed. He determined that all marital property should be divided equally between the parties and recommended an "in kind" division of the real properties, together with an equitable division of the proceeds from the sale of the family residence to

even out the value of the distribution. The master found it impossible to assign a value to Mr. Harms' interest in the limited partnerships. He suggested that a receiver be appointed to liquidate these interests. These recommendations were in large measure adopted by the District Court in an order dated March 30, 1979.

On February 1, 1980, the family residence at 345 Franklin Street was ordered listed for sale. At that time, the Court specifically found that "as of May 9th, 1978, each party owned 50 percent of the partnership interests and each were subjected to fifty percent of the liability." These interests were ordered sold at public auction 90 days after the appointment of a broker if private sale was not accomplished. Upon the sale of the partnership interests, the proceeds were to be divided equally. Before distribution of the real properties and the sale of the limited partnerships, Mr. Harms filed a petition pursuant to Chapter 11 in this Court, effectively staying any further action in the state court proceeding.

Under the Bankruptcy Reform Act of 1978, upon the filing of a petition, an estate is created, comprised, *inter alia*, of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541. The representative of the estate is the trustee. 11 U.S.C. § 323. He has the authority to use, sell, or lease the property of the estate. 11 U.S.C. § 363. In addition to this authority, the trustee is given certain specific powers which he can use in marshalling the assets of the debtor. Those powers include those of a hypothetical lien creditor and a hypothetical bona fide purchaser of real property from the debtor. 11 U.S.C. § 544. Subject to any restrictions imposed by the court, a debtor in possession of the business has all the rights and powers of a trustee. 11 U.S.C. § 1107.

In light of the above, the issue for purposes of this motion is as follows: On the day the petition in bankruptcy was filed, would a judicial lien creditor of Mr. Harms or a bona fide purchaser of real property from Mr. Harms have rights superior to Ms. Frist with respect to the real property and partnership interests in question? The answer to this question is a matter of state law. 4 *Collier on Bankruptcy* (15th ed.) ¶ 544.02 at 544–9.

The Colorado Supreme Court has held that upon the commencement of a dissolution proceeding, a wife has a vested interest in the marital property. When the court divides the marital property, the transaction "resembles a division of property between co-owners rather than a conveyance by the husband for the release of an independent obligation owed by him to the wife . . . ." *In re Questions Submitted by the United States District Court, Imel v. United States*, 184 Colo. 1, 517 P.2d 1331 (Colo. 1974). In other words, upon the commencement of a dissolution proceeding, the wife has an interest in the marital property in the nature of a co–owner, rather than as a mere creditor of her husband. In the *Imel* case, the court also said:

> Upon and after the filing of the action, the rights of the wife are analogous to those of a wife who can establish a resulting trust, irrespective of a divorce action, in the property of her husband. We use this analogy because we are not saying that after the filing of the divorce action it is necessary for both spouses to enter into the conveyance of property held in the name of one only. Upon the filing of the action the court may protect this vested interest of the wife pending the division order, even though the property to be transferred to her has not yet been determined. 517 P.2d at 1335.

In the case at hand, not only had a dissolution action been filed, thus creating vested rights in Ms. Frist, but the state court on February 1 entered its division order specifically setting aside to the Movant certain real properties or the proceeds from the sale thereof and specifically finding her to be the owner of 50 percent of the partnership interests.

Whether Ms. Frist's rights in real property are superior to the bankruptcy trustee's depends on whether she has an

interest of record. Colorado law provides that a bona fide purchaser of realty who records his interest will cut off the rights of a previous transferee who fails to record. *Sky Harbor v. Jenner*, 164 Colo. 470, 435 P.2d 894 (1968). The bankruptcy trustee is given all the powers of a bona fide purchaser from the debtor who perfects his claim. Thus, Ms. Frist cannot prevail unless her interest was recorded in the appropriate counties prior to the filing of the bankruptcy. She took no action to record any interests in marital real property that derived from the dissolution proceeding and orders entered therein. A wife may, upon the commencement of a dissolution action, file a lis pendens, which will operate as notice to all of the wife's claims. *Clopine v. Kemper*, 140 Colo. 360, 344 P.2d 451 (1959); 1973 C.R.S. § 38–35–110. Furthermore, the Colorado recording statute leaves little doubt that court decrees affecting title to real property may be recorded. 1973 C.R.S. § 38–35–109. Failure to record one's decreed interest can result in its being rendered worthless if a subsequent bona fide purchaser records first. The *Imel* case does not affect this rule. Whatever interest a wife has in her husband's property upon the filing of a dissolution proceeding is still subject to the requirements of Colorado's recording laws. Hence, if the wife does not record, the ex–husband's trustee may acquire superior rights.

The limited partnership interests present a different problem for analysis. In Colorado, the interest of a limited partner in the partnership is personal property. 1973 C.R.S. § 7–61–121. A lien upon personalty can be judicially acquired either by prejudgment attachment under Rule 102 C.R.C.P. or by levy and execution. In the latter case, the lien arises at the time the writ of execution is delivered to the appropriate authority. 1973 C.R.S. § 13–52–111. There would appear to be little doubt that shares in a limited partnership are subject to attachment, levy, and execution in Colorado. The "non–exempt property" of a debtor may be attached, and it appears undisputed that shares of stock in a corporation may be so seized. *See, e. g., Gibbons*

*v. Ellis*, 63 Colo. 76, 165 P. 783 (1917). Would a levying creditor have priority over Ms. Frist in the partnership interests? The answer to this question in the Tenth Circuit appears to be yes. In *Panton v. Lee*, 261 F.2d 183 (10th Cir. 1958), an Oklahoma divorce decree gave the wife judgment for one–half of all property, including money, acquired by the husband during the marriage. Subsequently, the husband filed a petition in bankruptcy. The court held that the trustee's rights were superior to the wife in both the real and personal property involved. The court emphasized that on the date of bankruptcy, the property was in the name and possession of the husband and that the divorce decree gave the wife no lien thereon. The same is true here. Title to the limited partnerships stands to this day in the name of Mr. Harms. So far as the Court can discern, Ms. Frist never acquired possession thereof. The decree of the state court regarding the fifty–fifty ownership of the partnership shares was necessarily somewhat general in terms due to the difficulty of valuing those assets. It gave the wife no lien or title which would be superior to a levying creditor of Mr. Harms.

The *Imel* case does not change this result. At its most concrete, *Imel* states that upon the filing of a dissolution, the wife has all the rights of one who can establish a resulting trust in the property of her husband. To the extent this is so, Ms. Frist had only an equitable interest in the marital property standing in Mr. Harms' name. It is settled law that mere equities will be cut off by judicial lien creditors of the legal title holder of property. *Sky Harbor v. Jenner*, 164 Colo. 470, 435 P.2d 894 (1968). *See, also*, Dobbs, Remedies, § 4.7 (1973 ed.). This analysis would also apply to any proceeds of the sale of the "Tweedy" property that were in the possession of Mr. Harms at the time of the bankruptcy petition.

The powers of the bankruptcy trustee under the Code are extensive. He is clothed with all the rights that the law gives to creditors of the debtor to recover property in satisfaction of their claims,

whether or not such creditors actually exist. There is perhaps even more justice in the trustee's vigorous assertion of his legal rights in the context of a Chapter 11 reorganization, wherein, if successful, the debtor can be expected to deal with his creditors in a more meaningful way than upon mere liquidation. In denying the motion of Debtor's ex–wife, she is not being condemned to see her rights against Mr. Harms made worthless. Her interests can easily be asserted in the context of the reorganization proceeding. Now, therefore, it is

ORDERED that the motion of the wife to exclude property is denied.