**In re PUERTO RICO MULTI PRODUCTS, INC., Debtor.**

**Bankruptcy No. B–81–01000 (B).**

United States Bankruptcy Court,
. D. Puerto Rico.

July 30, 1982.

**13.** # 10, 10 LPRA 560.

**14.** *Mills Factor Corporation v. Registrar,* 97 P.R.R. 369 (1969).

**15.** *Continental Can Co. v. U.S.,* 272 F.2d 312.

**16.** Bankruptcy Rule 301(b).

**17.** Federal Rule of Evidence 301.

**18.** *Matter of Palm Investments,* 2 B.R. 646 (Bkrtcy.Fla.1980).

Rodrigo Otero Bigles, Hato Ray, P.R., for trustee, Rafael Ocasio.

David López Pumarejo, Hato Ray, P.R., for Modern Equipment Co., Inc.

## ORDER RE CLAIM NO. 14

W. H. BECKERLEG, Bankruptcy Judge.

Modern Equipment Co., Inc., has filed herein Claim No. 14 in the amount of $2,795. The claim does not indicate whether it is filed as unsecured, priority, or secured; however, a letter is attached to the claim wherein creditor advised debtor that the equipment covered by the obligation was delivered to debtor on consignment; this letter was sent subsequent to filing of this case in 1982.

The trustee has opposed Claim # 14 in so far as a consignment is claimed; the trustee has no objection that the claim be allowed as an unsecured claim for the amount stated. After notice, the parties were heard July 15, 1982.

On Nov. 8, 1978, creditor delivered to debtor a mini-grua and related equipment. The delivery slip states that the price, including three wheelbarrows is $2,795, less 20%, and, in handwriting, contains a note stating 5% less for cash ("y 5% por *cash* "). The delivery slip has the typed letters "En Consignación" (on consignment) on the top, and on the bottom 18 printed "terms and conditions of rental and sales." The equipment in question had stenciled upon it the name of the creditor in large letters.

The present bankruptcy case was filed Dec. 14, 1981. The debtor did not in his statement of affairs indicate in reply to Q. # 8 that he held any property for creditor, nor did he list Modern Equipment Co., Inc., as a creditor.

■■ The problem of consignments is of particular interest in bankruptcy where one deals not only with the rights between the consignor and consignee but also with the rights of third parties, that is, the creditors of the consignee/debtor. The trustee represents these creditors and thus the challenge must be considered with their rights also in mind. The creditors were not parties to any agreement between the debtor and the creditor, and therefore such agreements are not binding upon the creditors. Civil Code § 1209 and § 1211; 31 LPRA § 3374 and § 3376[1] In bankruptcy consignment agreements create problems because frequently a creditor's only hope of recovery is to prove that the equipment or merchandise was on consignment.

■ It is axiomatic that the party who demands compliance with an obligation must show its existence[2]; in a bankruptcy case, the party who demands compliance with an obligation must also show the date the obligation came into existence, for in bankruptcy the commencement of the case creates the bankruptcy estate and it is as of that date that we determine of what property the estate is comprised. § 541(a).

1. While a "consignment" is probably not a "commodatum" as that term is defined in Civil Code § 1631 and § 1632, (31 LPRA § 4511 and § 4521) it is similar and the Supreme Court of Puerto Rico has held that a "commodatum"

contract is not binding on a third party. *Protane Gas v. Ramos,* 95 P.R.R. 408, 411 (1967).

2. This is also the rule set forth in § 1168 of the Civil Code, 31 LPRA § 3261.

If we have an obligation here that creditor can enforce, it arises from the delivery slip offered in evidence which, among other things, recites the words "on consignment" [3]. Assuming for our present purpose only that this recitation is sufficient to constitute a consignment between the parties, it is also important in a bankruptcy context to determine the date of same, that is, was it prior to the commencement of the bankruptcy case?

The laws of Puerto Rico dealing with the relationships between creditors and debtors have established various devices by which creditors may retain a lien upon merchandise which they place in the hands of their customers for resale or by which they retain title. Some of these devices, are conditional sales, factors liens, and trust receipts.[4] And all of them require that before they are effective against third parties some kind of recordation or registration, or notice to the public is required; this requirement is usually referred to as the "perfection" of the transaction. Article 9 of the Uniform Commercial Code, with certain exceptions, follows the pre-code law which requires this kind of public notice for perfection.[5]

■ We do not have in Puerto Rico any specific statute dealing with consignments, so they are controlled by the provisions of the Civil Code. The Civil Code approaches the issue of perfection as an element of proof or evidence, requiring that the obligation be reflected in a public instrument to have validity against third persons. Civil Code § 1172[6]. A public instrument is defined in § 1170[7] as one authenticated before a notary, and the delivery slip here was not so authenticated. We understand that as the consignment was never reduced to a public instrument, it was never perfected and thus has no effect as to third parties.[8]

■ Not only is the trustee a third party, but he also has the rights of any unsecured creditor to avoid a transaction under local law.[9]

It is the position and testimony of the creditor that the transaction was never intended to transfer title to the debtor, but this must be considered, first, in the light of the agreement, and, second, in the light of the bankruptcy of the debtor.

The agreement simply is not clear as to what it is; that the creditor's president testified that the transaction was a consignment is off-set by the proof of claim filed earlier by the same president wherein he stated that debtor owed creditor $2,795. We are thus left with no reputable proof, other than the private agreement itself, to prove to the obvious prejudice of third parties that we have here a consignment. In the light of these conflicts, this Court relies upon the provisions of the Civil Code heretofore mentioned and the related Sec. 1227[10]:

"The date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry . . ."

The objection of the trustee is sustained.

Claim # 14 of Modern Equipment Co., Inc., is allowed, as an unsecured creditor only, in the amount of $2,795.00.

---

**3.** The delivery slip also contains the words "sale" and "lease" and numerous terms and conditions dealing with sales or leases, but none dealing expressly with consignment. The delivery slip itself is thus ambiguous as to the nature of the obligation between the parties.

**4.** All of which are set for in Title 10 of LPRA along with other devices.

**5.** Of course, we do not have the UCC in Puerto Rico.

**6.** 31 L.P.R.A. § 3273.

**7.** 31 L.P.R.A. § 3271.

**8.** For a similar holding as to a pledge, see *Ramos Mimoso v. Sup. Court,* 93 P.R.R. 538 (1966).

**9.** § 544(b); *Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931).

**10.** 31 L.P.R.A. § 3282.