**In re John R. CLARK, Debtor.**

**John R. CLARK and Stephen H. Judson, Trustee, Plaintiffs,**

**v.**

**Arbidella CLARK and Shelly B. Akers, Defendants.**

**Bankruptcy No. 81–00523–BKC–TCB.**

**Adv. No. 82–0778–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 1, 1982.

John L. Bryan, Jr., Palm Beach, Fla., for defendants.

John H. Genovese, Miami, Fla., for plaintiff.

Stephen H. Judson, Miami, Fla., trustee.

Nicholas Bauer, Cincinnati, Ohio, for Arbidella Clark.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 11 debtor seeks avoidance of five Option Agreements (Ex. 7) given by the debtor's ex-wife to her mother on December 18, 1981. The options relate to condominiums in St. Lucie and Martin Counties in which the debtor had and has a major equitable interest. (C.P. No. 1). The wife and the mother have each answered. (C.P. No. 18 and 26). The matter was tried on September 21 and October 5.

The debtor's petition was filed in April, 1981. Two months later, the debtor's wife filed an adversary complaint (No. 81–0288) seeking leave to continue her pending 1980 Ohio divorce proceeding against the debtor. The central issue there was the disposition of 15 Florida properties including six condominiums held in the wife's name, five of which are in issue here. The debtor opposed the wife's complaint and urged that this court take jurisdiction of the entire divorce proceeding under 28 U.S.C. § 1478.

On July 10, 1981 I agreed with the wife in an Order (C.P. No. 4), which provided:

"... the automatic stay is modified to permit the Ohio court to proceed forthwith to determine all issues pending between the parties in the divorce action."

In a subsequent Order on Motion for Rehearing (C.P. No. 8) I further provided:

"... if, in the judgment of the Ohio court, this court's facilities or jurisdiction may be employed usefully to further the objectives sought by that court, jurisdiction is retained and will be exercised for that purpose."

On December 15, 1981 the Ohio court wrote counsel that he would order the 15 Florida properties sold with 90.1% of the net proceeds to be paid to the debtor (and the remaining 9.9% to the wife) until the debtor receives a total of $227,341. Thereafter, each would receive half the net proceeds. This letter was subsequently confirmed by the entry of a formal decree and findings on January 6, 1982. Among the latter is a finding that:

"... all of the Florida Properties are found to be marital property and joint assets of the parties."

The wife appealed the Ohio decision. She sought a stay in that court pending her appeal. The stay was denied. The appeal remains pending.

By an earlier order of November 6, the Ohio court invited this court to enforce the order of the Ohio court. On February 24, this court's Order Invoking Court's Jurisdiction, which was unopposed by the wife, provided:

"... the Court does accept jurisdiction over the property annexed hereto as Exhibit A, and deems said property to be assets of the estate of John R. Clark, Debtor ...".

The debtor then sought leave to sell two units, one of which (Unit I–12) served as the wife's residence. By an order entered April 23 (C.P. No. 27), I deferred sale of the residence upon the wife's then expressed willingness to cooperate actively in the sale of the remaining condominiums. The sale of two other units was confirmed in July and August. (C.P. Nos. 76 and 86 in the main file).

The instant proceeding was filed in August when, presumably, the debtor discovered that three days after the Ohio court's

letter decision, the wife had given her mother 10 year options to buy five of the six condominiums titled in the wife's name. These options were recorded a few days later, effectively preventing sale of each of the units. The existence of these options was not disclosed during the April hearing when the wife professed willingness to help sell all the condominiums including these five, if sale of the most valuable unit, the one she occupied, was deferred.

The defendant's threshold defense is that the five units are not a part of the debtor's estate, because § 541(a)(5)(B) expressly includes, as property of the estate, any property that the debtor acquires within 180 days after bankruptcy as a result of a divorce decree. Defendant argues that this express inclusion implies that property acquired through a divorce decree *after* 180 days (as may have happened here) is not a part of the bankruptcy estate.

■ I reject this defense because the provision in question is for the benefit of the debtor, not creditors. Its obvious purpose is to exclude from the estate and, therefore, from the claims of creditors, certain property acquired by the debtor after bankruptcy. It forms no basis for limiting this court's jurisdiction to protect property interests asserted by the debtor. Although this debtor could advance this argument to shield these assets from the claims of his creditors, he has not done so. In fact, these assets are essential to the plan which he has proposed in this proceeding. He is now estopped to argue that the property in question is beyond the reach of this court or his creditors.

■ Secondly, this court is implementing the Ohio court's decree. In doing so this court also has that court's duty and power, under 28 U.S.C. § 1471 and 11 U.S.C. § 105(a), to hear the debtor's complaint that the defendants fraudulently encumbered the title of the properties which the Ohio court has ordered to be sold.

At this point, though it has not been argued, I digress to note that the Supreme Court's extension on October 4 of the effective date of its decision in *Northern Pipe-*

*line Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) shields this court's present orders from challenge under that authority. The Court said:

"This limited stay will afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws."

Unless the effect of the stay is to confirm the exercise of this court's jurisdiction until the expiration of the stay, every interim act of this court would be suspect and subject to jurisdictional challenge after the stay, the precise impairment which the Court was at pains to avoid.

■ The debtor is proceeding under § 726.01 Florida Statutes. He has carried his burden of proving these five options to be voidable fraudulent conveyances under that statute. The statute provides that any conveyance of real property is fraudulent when it is:

"... made or executed, contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures...".

I find that both the wife and her mother intended by the execution and recordation of these options to delay, hinder and defraud the debtor's effort to sell these properties and recover his major equitable interest in these marital properties. I do not believe that the mother had invested any time or money in any of these properties, other than the services for which she had already been paid by the debtor. There was, therefore, no consideration for the options. The wife retained possession of the most valuable unit and retained effective control of all the properties. The options were merely a device for the wife to retain control of the property. Although the wife did not see the letter decision before these options were dated, I am confident she either knew of or anticipated the judge's

adverse decision when she recorded the options. The giving of the options was effectively concealed from the debtor and this court. In short, nearly all the classic badges of fraud are present here. *Cleveland Trust Co. v. Foster,* Fla.1957, 93 So.2d 112, 114.

By a separate judgment, as is required by § 921(a), each of the options will be declared fraudulent and, therefore, a nullity. Costs will be taxed on motion.

The trustee is authorized and directed to proceed without further delay to sell all of the Florida condominiums including the unit occupied by the wife, disregarding this court's earlier instruction to defer the sale of that unit to the last.