**In re Melvin Dean FISHER, et al., Debtor.**

**Linda Mae JOHNSON, Applicant,**

**v.**

**Melvin Dean FISHER, et al., Respondents.**

**Bankruptcy No. 86 B 3186 E. Motion No. 813 M/E 19.**

United States Bankruptcy Court, D. Colorado.

Nov. 17, 1986.

William D. Nelsch, Denver, Colo., for debtor/respondent.

Linda Mae Johnson, Yuma, Colo., pro se.

## ORDER ON APPLICATION FOR RELIEF FROM AUTOMATIC STAY

CHARLES E. MATHESON, Bankruptcy Judge.

This matter came on for hearing before the Court on the motion of Applicant, Linda Mae Johnson ("Applicant") for relief from stay. By her application Applicant seeks an order of this Court which would permit her to conclude her domestic relations case which is still pending in the District Court for Yuma County, Colorado.

The dissolution of marriage action between the Applicant and the Debtor herein was filed in the state court on January 10, 1986. On March 17, 1986, the district court in which the dissolution action is pending granted to Applicant temporary maintenance (which she alleges has never been paid to her) and on May 15, 1986, entered a decree of dissolution of marriage. By that decree the Yuma County Court dissolved the marriage, restored Applicant's maiden name, and specifically retained jurisdiction "to determine the matters of maintenance and division of property and attorneys fees". Applicant now desires to proceed in that action to effect a division of marital property and to obtain, if appropriate, an award of maintenance.

The within bankruptcy case was filed on April 16, 1986, after the dissolution action had been filed but prior to the decree being entered on May 15, 1986. Applicant now asserts that some or all of the assets owned by the Debtor and scheduled as a

part of the Debtor's estate in this case, constitute marital property. Applicant in effect seeks leave to proceed in the Yuma County District Court to obtain a decree which would allocate to her a share of marital property held by the Debtor to which she claims to be entitled. The Debtor conversely argues that his former spouse is no more than an unsecured creditor of this bankruptcy estate to be paid out of the assets of this estate or under a confirmed Chapter 11 plan, together with all other unsecured creditors.

■ Bankruptcy Code § 541(a)(1) states that the commencement of a bankruptcy case creates an estate which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(a)(2) specifically includes as property of the estate all interests of the debtor and the debtor's spouse in "community" property as of the commencement of the case that is (A) under the sole, equal or joint management and control of the debtor, or (B) is liable for an allowable claim against the debtor. While "community property" is not defined by the Code, and the phrase is not embellished in the legislative history, it nonetheless appears clear that the phrase "community property" is a term of art and Section 541(a)(2) is applicable only in those few states where spouses equally or jointly manage and control all their community property. 4 L. King, *Collier on Bankruptcy*, para. 541.15 (15th ed. 1986).

■ The determination of what constitutes property of the bankruptcy estate is inherently an issue to be determined by the bankruptcy court. *In re Cohn*, 7 B.R. 223 (Bankr.Mass.1980); *In re Puerto Rico Multi Products, Inc.*, 23 B.R. 25 (Bankr.P. R.1982); *In re Vermont Real Estate Inv. Trust*, 25 B.R. 813 (Bankr.Vt.1982). However, in making such a determination the bankruptcy court must turn to state law to define such property rights. *In re Jenkins*, 13 B.R. 721 (Bankr.Colo.1981), rv'd on other grounds at 19 B.R. 105 (D.C.Colo. 1982); *In re Lloyd*, 18 B.R. 624 (Bankr.E. D.Penn.1982); *In re Jenkins*, 19 B.R. 105

(D.C.Colo.1982); *In re Lambert*, 34 B.R. 41 (Bankr.Colo.1983); *Zimmerman v. Starnes*, 35 B.R. 1018 (D.C.Colo.1984).

Issues pertaining to marital property and the rights of the respective spouses in such property were considered at length by the Colorado Supreme Court in the case of *In re Questions Submitted by the United States District Court for the District of Colorado*, 184 Colo. 1, 517 P.2d 1331 (1974). The Court there held that during the marriage the wife does not have joint ownership in jointly acquired property. Thus, during the marriage and absent the institution of divorce proceedings, the parties have their separate property and generally have the right to dispose of it as he or she sees fit. However, once a dissolution proceeding is filed, a wife may be entitled to a division of the husband's property. Prior to the filing of the dissolution action, the wife's interest is completely inchoate, but that interest vests at the time the divorce action is filed. As to the nature of that vested interest, the Colorado Supreme Court stated:

> Upon and after the filing of the action, the rights of the wife are analogous to those of a wife who can establish a resulting trust, irrespective of a divorce action, in the property of the husband. We use this analogy because we are not saying that after the filing of the divorce action it is necessary for both spouses to enter into the conveyance of property held in the name of only one. *Ibid*, 517 P.2d at 1335.

The property rights of the respective spouses, as decreed by state law, must then be examined in light of the provisions of the Bankruptcy Code. That has previously been done in this jurisdiction in the case of *In re Harms*, 7 B.R. 398 (Bankr. Colo.1980). In the *Harms* case, a bankruptcy case had been filed by Mr. Arnold Harms. Prior to the filing of the bankruptcy case, Mr. Harms had been divorced and in the divorce proceeding the domestic relations court had entered its order dividing the marital property. Thereafter, in the bankruptcy case, the former wife sought to

withdraw and exclude property from the bankruptcy estate pursuant to the preceding decree of the divorce court dividing the marital property.

The Bankruptcy Court in *Harms* considered the effect of the Colorado Supreme Court decision in *In re Questions, supra,* in light of the provision of 11 U.S.C. § 544. Under that section, the trustee in bankruptcy (in this case the debtor-in-possession) is clothed with the status of a hypothetical lien creditor and a hypothetical bona fide purchaser of real property from the debtor. The Court in *Harms* concluded that the wife had no right to reclaim specific property from the bankruptcy estate unless she could establish that she had a separate recorded interest in the debtor's real estate perfected by recording the decree of the divorce court or an execution lien on the debtor's personal property which had been perfected by filing a writ of execution with the sheriff. Since the former wife had done neither, the Court concluded that she had no right to claim specific interests in property of the debtor's bankruptcy estate even though that property included property which the divorce court had determined should separately be set over to the wife as a part of the division of property order in the divorce decree. The holding in the *Harms* case is clearly a correct interpretation of the Bankruptcy Code and is applicable here.

■ In the present case, unlike *Harms,* the Applicant's rights in the marital property have not been fixed. There is no showing that she had filed a notice of lis pendens giving notice of the filing of the divorce proceeding and thereby perhaps perfecting of record her vested right in any real property owned by this debtor. The Applicant also candidly admitted at the hearing that there had been no written conveyance to her of either real or personal property. Under the circumstances, as the Colorado court in the *Questions* case held, at the time of the filing of the bankruptcy case, the husband would have been able to separately convey the property which he owned, or had in his possession and control,

free of the wife's interests even though those interests had vested by reason of the filing of the dissolution of marriage action. *In re Questions, supra,* 517 P.2d at 1335. This being the case, a judgment lien creditor seeking to execute on the debtor's property, or a bona fide purchaser of real property, would have taken title to that property free and clear of the interests of the Applicant, notwithstanding the commencement of the divorce action. Thus, pursuant to the provisions of 11 U.S.C. § 544, the vested interests of the Applicant in the marital property were cut off by the filing of the within Bankruptcy case.

■ Under circumstances such as those presented in this case, the wife should not be, and is not, without remedies. While Section 544 may bar claims to specific property, that section does not bar the Applicant's right to be compensated from the husband's estate for the value of her share of the marital property. Further, she is entitled to seek an award of maintenance which, if awarded, would be a nondischargeable debt in this proceeding. 11 U.S.C. § 523(a)(5).

Before the Applicant's claim in this case can be fixed in a dollar amount, a determination must first be made of the extent of the Applicant's interest in marital property. That is uniquely a problem of interpretation and application of the domestic relations laws of the State of Colorado as expressed in C.R.S. 1973 § 14–10–113. The determination of the Applicant's right to maintenance, if any, is also a question uniquely involving the domestic relations laws of this state.

The bankruptcy court is not a domestic relations court. Indeed, the 9th Circuit Court of Appeals has observed:

> It is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters. *In re MacDonald,* 755 F.2d 715, 719 (9th Cir. 1985).

Bankruptcy courts in general which have been confronted with domestic relations matters have tended to have those matters resolved in the state court. See *Matter of Gardner*, 26 B.R. 65 (Bankr.W.D.N.C. 1982); *In re Clark*, 26 B.R. 263 (Bankr.S.D. Fla.1982); *In re Boyd*, 31 B.R. 591 (D.C. Minn.1983).

██ The Applicant here is entitled to have her interests fixed and to seek, if appropriate, an award of maintenance. The consideration of those matters is best done in the pending divorce action in the Yuma County District Court. To enable her to proceed in that action, it is appropriate that she be granted relief from the stay imposed by 11 U.S.C. § 362. Once her interests are determined in the divorce court she can pursue her monetary claims as a creditor in this debtor's estate and seek whatever other relief is appropriate herein.

Based on the foregoing and in consideration thereof,

IT IS HEREBY ORDERED that the Applicant's requested relief from stay is granted insofar as is necessary and appropriate to enable the Applicant to proceed before the District Court in the County of Yuma, Colorado in the Applicant's pending dissolution of marriage proceeding and, to seek therein a determination of the extent, if any, of her marital interest in the debtor's property and an award of maintenance from this debtor.