In re Earl D. WILSON a/k/a Earl Wilson, Wilson Properties, Ltd., Debtor.

William L. DAVIS, Successor Trustee, Plaintiff,

v.

BANK OF COMMERCE and Ken Southern, Trustee, Defendants.

Bankruptcy No. 3–83–00848.

Adv. No. 3–85–1006.

United States Bankruptcy Court, E.D. Tennessee.

Sept. 18, 1985.

Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Craig J. Donaldson, William S. Lockett, Jr., Knoxville, Tenn., for plaintiff.

Taylor, Tilson & Reams, H. Scott Reams, Morristown, Tenn., for defendants.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CLIVE W. BARE, Bankruptcy Judge.

An involuntary petition was filed against Earl D. Wilson a/k/a Earl Wilson at 2:45 p.m. on May 26, 1983. The petition was sustained and an order for relief under chapter 7 was entered on August 3, 1983.

On October 31, 1984, plaintiff trustee commenced an adversary proceeding[1] against Wilson Properties, Ltd., a Tennessee limited partnership for which Earl Wilson was the general partner. The trustee asked the court to find that Wilson Properties, Ltd. was the instrumentality and alter ego of Earl Wilson and to administer the partnership's assets and liabilities as part of Earl Wilson's bankruptcy case. Wilson Properties, Ltd. did not file an answer to the trustee's complaint, but on December 13, 1984, an agreed order was entered which recites:

> It appearing to the Court and the parties herein having agreed that the allegations of the Complaint are true, and Defendant, Wilson Properties, Ltd., having admitted the truth of the allegations of the Complaint, it is
>
> ORDERED that the entity known as Wilson Properties, Ltd. is set aside and that the assets and liabilities of Wilson Properties, Ltd. shall be administered as

---

1. *William L. Davis v. Wilson Properties, Ltd.,* Adv.Proc. No. 3–84–0319.

part of and consolidated with the proceeding under Chapter 7 of Earl D. Wilson.

On May 26, 1983, the same date the involuntary petition was filed, Wilson Properties, Ltd. executed a deed of trust against nine lots in Washington County, Tennessee to secure antecedent debts of Earl Wilson, David C. Combs, and James W. Cook to defendant Bank of Commerce. This deed of trust, naming defendant Ken Southern as trustee for the Bank of Commerce, was received for record in the Washington County register's office on May 26, 1983, at 3:20 p.m., thirty-five (35) minutes after commencement of the involuntary proceeding.

Plaintiff trustee contends [2] he is entitled to avoid the transfer by Wilson Properties, Ltd. pursuant to Bankruptcy Code § 549, which enacts in part:

*Postpetition transactions*

(a) Except as provided in subsection (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized under section 303(f) [transfers by involuntary debtor prior to entry of order for relief] . . . or

(B) that is not authorized under this title or by the court.

(b) In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, *but not including* satisfaction or *securing of a debt that arose before the commencement of the case,* given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

(c) The trustee may not avoid under subsection (a) of this section a transfer, to a good faith purchaser without knowledge of the commencement of the case *and for present fair equivalent value* . . . of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith . . . purchaser. A good faith purchaser, without knowledge of the commencement of the case and for less than present fair equivalent value, of real property located other than in the county in which the case is commenced, under a transfer that the trustee may avoid under this section, has a lien on the property transferred to the extent of any present value given, unless a copy of the petition was so filed before such transfer was so perfected.

11 U.S.C.A. § 549(a)–(c) (1979) (emphasis added).

Since the partnership was his alter ego, the nine lots owned, and mortgaged to Bank of Commerce, by Wilson Properties, Ltd. were property of the estate as of the commencement of the debtor's case. 11 U.S.C.A. § 541 (1979). The deed of trust conveyance to Bank of Commerce is clearly a postpetition transaction. The conveyance is not excepted from the trustee's avoidance power by § 549(b) or (c), because Bank of Commerce accepted the deed of trust to secure antecedent debts and did not give "present fair equivalent value," § 549(c), in exchange for the deed of trust.

In consideration of the deed of trust, however, Bank of Commerce asserts it did release 9,000 shares of stock in George Washington Savings and Loan Association which secured a loan to the debtor. Additionally, Bank of Commerce avers it re-

---

**2.** In his complaint filed May 20, 1985, the trustee asked the court to avoid the deed of trust transfer on a fraudulent conveyance theory. However, the trustee asserts his rights under § 549 in his Response to Defendants' Motion for Judgment on the Pleadings and Brief in Support of Plaintiff's Motion for Summary Judgment, filed August 23, 1985.

leased other collateral—21,000 shares of stock in the same savings and loan owned by David Combs—on a note it held, in exchange for the deed of trust.

The parties agree that the value of the nine lots is $126,000. Pursuant to 11 U.S. C.A. § 550 (1979) the trustee requests judgment for the value of the nine lots, as opposed to return of the lots. The trustee is entitled to recover of the defendants $126,000, less the value of the 9,000 shares of stock in George Washington Savings and Loan,[3] less the cost incurred by Bank of Commerce for an appraisal of the nine lots in issue.[4] Because the value of the 9,000 shares of stock is not a matter of record, absent stipulation by the parties, trial to determine the value of the stock will be held on September 25, 1985, at 1:30 p.m., at the Bankruptcy Courtroom, 15th Floor, Plaza Tower, Knoxville, Tennessee.

IT IS SO ORDERED.

---

3. Bank of Commerce is not entitled to any reduction in its liability for the value of the 21,000 shares of stock in George Washington Savings and Loan released to David Combs. See *American Gypsum Co. v. Grover Trucking Co.,* 36 B.R. 360, 363 (Bankr.D.N.M.1984) (gap period transfers avoidable except to the extent the debtor receives new value).

4. Bank of Commerce asserts it obtained an appraisal of the nine lots in reliance upon the representation by the trustee's attorneys that the property would be abandoned if an appraisal showed that there was no equity in the property.